John H. Webster *versus* John Withey & al.

If the consideration of the conveyance of land is security for the maintenance of the grantor during life, without any intention thereby to defraud or delay creditors, the conveyance is invalid against prior creditors, but may be good against subsequent ones.

Where a creditor seeks relief by a bill in equity, on the ground, that his debtor has made a fraudulent conveyance of his real estate to the defendant in the bill, if the plaintiff does not allege and show, that he has acquired title to the estate by a levy upon it, or by a conveyance, nor aver that his execution has been placed in the hands of an officer, who has made a return upon it, that he could not obtain satisfaction; he has not entitled himself to come into a court of equity for relief, and his bill will be dismissed.

BILL IN EQUITY. The substance of the bill, answer and proof is stated at the commencement of the opinion of the Court.

*Webster, pro se*, said that the principle in equity was well established, that if one man purchase land with the money of another, he holds the land in trust for that other. 17 Maine

R. 107; 14 Maine R. 281; 2 Fairf. 9; 16 Maine R. 268; 2 Story's Eq. 443; 1 Wilson, 21.

He contended, that upon the facts he was to be considered as a creditor of Staples prior to the conveyance to Withey; and that as such he was entitled to relief in the mode he had adopted. He cited 3 Fairf. 79; 15 Maine R. 282; 18 Pick. 248; 19 Pick. 231; 4 Greenl. 195; 23 Maine R. 85; 8 Greenl. 373; 3 Mason, 347; 1 Johns. Ch. R. 582; 2 Johns. Ch. R. 405; 2 Story's Eq. 441.

*R. Goodenow*, for Withey, contended: —

That every fact essential to the plaintiff's title to maintain the bill and obtain relief must be stated in the bill; otherwise the defect will be fatal. Story's Eq. Pl. § 257. Even if the bill be uncertain in these respects, it cannot be sustained. Story's Eq. Pl. § 242.

It does not appear, that the plaintiff has ever made any efficient or stringent exertion to satisfy his judgment by a levy on land, or sale of personal estate, or even that the execution has been in the hands of an officer. He cannot maintain a bill in equity, if he could have obtained satisfaction of his judgment by placing his execution in the hands of an officer.

The plaintiff's demand accrued partly after the conveyance; and in such case, he is to be considered as a subsequent creditor. 4 Greenl. 400; 23 Maine R. 22.

A voluntary conveyance, if this is to be considered such, is valid against subsequent creditors, where there is no intentional fraud; of which in this case there is no pretence. 1 Story's Eq. § 362, and authorities there cited; *Howe* v. *Ward*, 4 Greenl. 195; 18 Pick. 248 and 373; 3 Metc. 63.

Other objections were taken to the right of the plaintiff to maintain the bill, but as they were not considered by the Court, they are omitted.

The opinion of the Court was by

SHEPLEY J. — The material allegations in the bill are; that the defendant, Staples, several years since, entered upon a tract of land owned by Oliver Herrick, and made improvements on

it; that he afterwards paid Herrick for the land and obtained from him a deed conveying it to the defendant, Withey, to preserve it from attachment and levy by his creditors, and to be held in trust for the maintenance of himself and wife during life; that the plaintiff in the year 1843 recovered a judgment against Staples, on which an execution has issued, that remains unsatisfied; and that the plaintiff is wholly unable to obtain payment.

Staples has suffered a default to be entered without filing any answer. Withey in his answer admits, that Staples entered and occupied the land until April, 1841; and that he made improvements upon it. The answer sets forth an agreement then made between them, that Staples should procure a conveyance of the land from Herrick to Withey, who was to maintain Staples and wife during life. It states, that Withey accordingly moved on to the farm and has continued to occupy it; that Staples procured the conveyance from Herrick to Withey, bearing date on July 7, 1841, and delivered it to him on June 20, 1842; when Withey gave to Staples a written memorandum, obliging himself to secure to them a maintenance during life, by a proper instrument creating a lien upon the land, by their performing such work as they were able to do; that Withey repaired the house and continued to maintain them till the Autumn of 1843, when Staples became dissatisfied, and commenced an action upon the written memorandum, which is still pending.

The only proof in the case, is a copy of the plaintiff's judgment against Staples and of the items of account, on which that judgment was recovered.

The prayer of the bill is for such relief, as the Court under the circumstances may be enabled to give, without specifying any particular mode, in which it should be granted. While the counsel for Withey denies, that the plaintiff has presented such a case as to be entitled to any relief.

There is no proof, that the arrangement between Staples and Withey was made with an intention to defraud or delay creditors. The answer denies it, and there is no contradictory proof.

That arrangement would be invalid against the prior creditors of Staples. It may be good against subsequent creditors. The account commenced in the year 1837, and was continued "up to June Term, 1842." The counsel for Withey contends, that a considerable portion of it must be considered as accruing subsequent to the arrangement between Staples and Withey, and that the plaintiff is therefore to be regarded as a subsequent creditor.

There was only a verbal agreement between them, which could not be binding, prior to the delivery of the deed on June 20, 1842. The title then passed to Withey; and it does not clearly appear, that any of the items of charge, for which the judgment was taken, accrued subsequent to that time.

The statement of the account is somewhat loose and informal, and it is not necessary to decide, whether the plaintiff should be regarded as a prior or subsequent creditor; for if he is to be considered as a prior creditor, he cannot be entitled to relief upon this bill. He has not acquired any title to the estate by making a levy upon it, or by any conveyance from any person. His execution has not been placed in the hands of an officer, who has made a return upon it, that he could not obtain satisfaction. Such an allegation with proof, was held to be necessary in the case of *Webster* v. *Clark*, decided at this term, *ante* p. 313, to entitle a creditor to come into a court of equity for relief.

*The bill as to Withey, is*
*dismissed with costs.*