SAMUEL P. GRAVES, in equity, *vs.* JOHN F. BLONDELL & others.

Sagadahoc.    Opinion September 5, 1879.

*Equity.  Pleading.  Fradulent conveyance.  Estoppel.*

In equity, the defendant may plead in bar to the whole bill or to a part only; and in the latter case he must answer to the remainder.

A debtor's conveyance of all his property to secure the future maintenance of himself and wife is fraudulent as against existing creditors, and voidable by them.

The court will not hold such a conveyance fraudulent in part and good in part by reason of the fact that a small part of the consideration was the payment of some of the grantor's debts.

To estop the plaintiff from setting up the fraud for the reason that he assented to the conveyance, the defendant must allege and prove, not only that the plaintiff, knowing the purpose for which the deed was to be given, assented to it, but that such assent induced the defendant to take it.

BILL IN EQUITY, heard on plea in bar, answer and proof.

CASE stated in the opinion.

*W. Gilbert*, for the plaintiff.

*G. Barron & W. Thompson*, for the defendants.

LIBBEY, J.   This case comes before this court on bill, plea in bar, answer and proof.   The plaintiff, in his bill, alleges that, on June 17, 1876, Andrew J. Graves was seized in fee and possessed of a certain farm, situated in Topsham, and on that day conveyed it to the defendants, John F. Blondell and Roxana E. Blondell, his wife, and that they still hold the same by virtue of that conveyance ; that he is informed and believes that the only consideration given for said conveyance was the undertaking of said Blon-

dell and wife to maintain said Andrew J. Graves and his wife during their lives.

That, on said June 17, 1876, he was a creditor of said Andrew J. Graves, having a debt against him for services before that time rendered and for money laid out and expended, and on September 30, 1876, he commenced an action against said Andrew for said debt in the supreme judicial court for Sagadahoc county, and attached his real estate therein ; and at the August term of said court, 1877, he recovered judgment in said action for the sum of $487.50 damages, and costs of suit taxed at $60.73 ; and execution was duly issued thereon September 24, 1877, and on October 1, 1877, he caused the same to be duly levied on said farm, excepting the dwelling house.

He further alleges that, at the time of said conveyance, to the best of his knowledge and belief, said Andrew had no other property liable to attachment, and in any wise available for the payment of his said debt, and that the parties to said conveyance had full knowledge of his debt, and that said Andrew had no money other than said estate with which to pay it, and that said conveyance was fraudulent as against him.

The prayer is that said Blondell and wife be required to release and convey to plaintiff the premises levied on.

The defendants, Blondell and wife, filed a plea in bar of the plaintiff's right to maintain his bill. The plea sets out, substantially, three grounds of defense.

I. It denies that the plaintiff was a creditor of said Andrew at the time of the conveyance, although it does not deny the rendition of the judgment as alleged in the bill.

II. It denies any fraud in the conveyance.

III. It avers that before the conveyance was made the plaintiff had knowledge of their intention to take it, and said to Mrs. Blondell, in the presence of her husband, " You are welcome to all there is there if you and Fred will go and take care of the old folks," and to Mr. Blondell, at the same time, " Fred, if you go there, don't be such a —— fool as I have been. You get a deed of it before you go." It does not aver that the defendants were induced thereby to take the conveyance. There are various other

matters set forth in the plea, but they all bear upon the points above stated.

To this plea exception was taken by the complainant on the ground that it did not specifically answer all the allegations of the bill. No exception was taken to the sufficiency of the plea in other respects. The exception was presented to one of the justices of the court, and overruled. This ruling was correct. In equity the defendant may plead to the whole bill or to a part only. If to the whole bill, no answer need be made. If to a part only, he must answer to the rest.

The facts pleaded in this case, if well pleaded, are a bar to the bill, admitting all the allegations to be true. In such case it is not necessary that the plea should notice, and specifically admit or deny, all the allegations of the bill. For the purpose of deciding the validity of the plea, the bill, so far as not contradicted by the plea, is admitted to be true. Story Eq. Pl., § 694.

The plea appears to be open to the charge of duplicity. Story Eq. Pl., § 654. But it becomes unnecessary to determine its sufficiency, as the defendants, Blondell and wife, after filing it on motion therefor, had leave to file and did file an answer which presents the same grounds of defense.

In their answer they admit that said Andrew J. Graves was the owner of the farm; that they took the conveyance thereof from him as alleged in the bill, and that the consideration therefor was a bond given by them to him for the maintenance of himself and wife during their lives, and the payment of a note given by him to one Jaques on which there were about $90 then due. They also say that Blondell was to pay the taxes then due on the farm, and discharge a debt which he had against said Andrew for about $40, although not mentioned in the bond.

They admit that, before and at the time they took the conveyance, they knew that the plaintiff and his family had lived on the premises with said Andrew, and had performed services there; but allege that, before that time, they had been informed and believed that said Andrew had conveyed to the plaintiff a house lot, and that, at the time the conveyance was made, said Andrew informed said John F., who was acting for his wife as well as

himself, that he was not indebted to the plaintiff; that the plaintiff had received payment from time to time for his services, and that the house lot was conveyed to him and accepted as a full payment for the balance due him on account of his services.

They allege that, previous to the acceptance of the conveyance, they had a conversation with the plaintiff relative to their intent to take it, and that the plaintiff then said to Mrs. Blondell, in the presence of her husband, " You are welcome to all there is there if you and Fred will go and take care of the old folks, and I will never claim a —— cent ; " and immediately afterwards, addressing himself to Mr. Blondell, whom he called Fred, the plaintiff said : " Fred, if you go there, don't be such a —— fool as I have been. You get a deed of it before you go." There is no allegation that the defendants were induced to take the conveyances by these assurances.

They allege some facts tending to show that the plaintiff was not a creditor, but they do not deny it; nor do they deny the recovery of the judgment, and the levy on the farm as alleged in the bill.

They deny all intent to defraud the plaintiff, and say that before they accepted the conveyance they made due and sufficient inquiry to ascertain whether it would be hurtful to the creditors of the grantor, and relying on " all the information hereinbefore mentioned and believing the same, and without any notice from the plaintiff that he was or claimed to be a creditor of said Andrew, . . though he well knew the intent of these defendants to take the conveyance in season to notify and warn them, . . these defendants did accept the deed as aforesaid, and did give security for the maintenance of the grantors as aforesaid."

There is no denial in the answer of the allegation in the bill, that, at the time of the conveyance, said Andrew had no property except the estate conveyed to the defendants which could be taken for the payment of the plaintiff's debt.

Upon the pleadings these facts appear to be beyond controversy. On June 17, 1876, Andrew J. Graves was indebted to the plaintiff in the sum of $487.50, and on that day he conveyed his farm, all his attachable property, to the defendants, the principal

consideration therefor being security for the future maintenance of the grantor and his wife. The plaintiff brought an action against said Andrew, recovered judgment, execution was issued thereon, and levy made on the premises in controversy as alleged in the bill.

If the case stopped here, there would be no doubt that the plaintiff is entitled to the decree prayed for. The conveyance by Andrew J. Graves of all his property to secure the future maintenance of himself and wife was fraudulent as against existing creditors, and voidable by them. *Welcome* v. *Batchelder*, 23 Maine, 85. *Rollins* v. *Mowers*, 25 Maine, 192. *Hapgood* v. *Fisher*, 34 Maine, 407. *Sidensparker* v. *Sidensparker*, 52 Maine, 481. *Smith* v. *Smith*, 11 N. H. 460.

The fact that a small part of the consideration was payment of some of the grantor's debts does not change the result. The court will not hold the conveyance fraudulent in part and good in part. *Sidensparker* v. *Sidensparker*, *supra.*

But the defendants say that the plaintiff is estopped from impeaching the conveyance on the ground of fraud, because they say that, knowing their intention to enter into the contract, he assented to it, and thereby induced them to take the conveyance.

To make out a defense on this ground it is necessary for the defendants to allege in their answer, and prove, not only that the plaintiff, knowing the purpose for which the deed was to be given, assented to it, but that such assent induced them to take it. We have seen, by an examination of the answer, that there is no direct allegation that the declarations of the plaintiff induced them to take the conveyance; and on examination of the evidence there appears an entire absence of such proof. Mrs. Blondell testifies that her father proposed to her that they should go and take care of himself and wife and have a deed of the farm, about ten days before they moved (six days before the conveyance); that before that time she had heard the plaintiff say nothing in regard to the matter; that her father asked her if she would come up and take what they had and take care of them. She asked him if there was no one else to go. He said her mother did not want any one but her. She told him if there was no one

else to go she would go rather than her mother should suffer. She remembered no other conversation with him about it till after the deed was given. She further testifies that, after that and before the deed was given, she told her husband of her father's proposal, and asked him if he would go, and he said he would not. She told him she should go whether he went or not. Then he said he would go. She was asked by her counsel for what reason she consented to take the deed and go to her father's to live, and answered, that it was to take care of her father and mother.

Blondell testifies, on this point, that his wife first proposed the taking of the deed to him a very few days before it was given. He didn't want to go there. After they had considerable conversation she said she should go. He then said if she went he supposed he should go. And in answer to a question put by his counsel, he said he took the deed because his wife wanted to go there and take care of her mother.

We think therefore, that, if the declarations which the defendants allege the plaintiff made were proved, the defendants cannot invoke the doctrine of estoppel.

But the plaintiff denies that he ever made the alleged declarations to the defendants, or in any way assented to their taking the conveyance. Upon this point the burden of proof is upon the defendants. The parties testified directly against each other. The plaintiff states the purpose for which he sought the interview, and details, particularly, what was said between the parties. The weight to be given to the testimony of the defendants is weakened by the discrepancies between the allegations in their plea and answer, sworn to by them, and their testimony in the case. It is only necessary to notice one, which is prominent. In their answer they allege that Andrew J. Graves told Mr. Blondell, before the deed was accepted, that the plaintiff had been paid from time to time for his services, and that the deed of the house lot was made to and accepted by him in full payment and discharge of the balance due him. In their testimony, Mrs. Blondell does not state that anything of the kind was communicated to her; and Mr. Blondell expressly says nothing was said to him by said Andrew in regard to the matter.

Upon a careful consideration of all the evidence·we are not satisfied that the alleged declarations were made by the plaintiff to the defendants before they took the conveyance.

> *Bill sustained.   Decree as prayed*
> *for.   Costs for plaintiff.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred.