GAAR, SCOTT & CO. v. HART *et al.*

**Fraudulent Conveyance: VOLUNTARY IN PART: LIABILITY TO CREDITORS OF GRANTOR.** Where the consideration of a conveyance made by a debtor was sixteen hundred dollars and one thousand dollars only was paid, and in an action to charge the land with the debts of the grantor it was claimed that he owed the grantee six hundred dollars, but it appeared that such debt, if it ever existed, was barred by the statute of limitations, and had been ignored by the parties in business transactions long before the conveyance in question, *held* that as to the six hundred dollars the conveyance should be considered voluntary, and constructively fraudulent, and that the land to that extent should be subjected to the grantor's debts, though the grantee was not a party to any actual fraud in attempting to delay or hinder the creditors of the grantor.

*Appeal from Jasper District Court.*—HON. DAVID RYAN, Judge.

FILED, MAY 21, 1889.

THIS is an action in equity, by which the plaintiffs seek to subject certain real estate, the legal title to which is in the defendant Elizabeth Hart, to the payment of a judgment had by the plaintiffs against the defendant James H. Hart. There was a decree subjecting part of the property to the payment of six hundred dollars of the judgment. The defendants Elizabeth Hart and James H. Hart appeal, and claim that no part of the real estate should be subject to the payment of any part of the judgment. The plaintiffs appeal because the whole of the judgment was not established as a lien against all of the land.

*Winslow & Varnum*, for appellants.

*Harrah & Myers*, for appellees.

ROTHROCK, J.—I. The defendant James H. Hart was the owner of eighty acres of land in Jasper county, and the defendant Elizabeth Hart owned an adjoining

eighty-acre tract. She is the widow of Isaac M. Hart, deceased, who was brother of James H. Hart. I. N. Hart, a son of Elizabeth Hart, bought a threshing-machine and traction engine of the plaintiffs in 1884, and gave his notes for the purchase money, and James H. Hart signed the notes as surety. After the notes were made James H. Hart sold and conveyed his land to Elizabeth Hart. The whole eighty-acre tract was not sold and conveyed at one time. There were separate sales of the two government forty acres, which composed the whole tract. The plaintiffs reduced their notes to judgment, and they claim that said sales and conveyances were fraudulent as to them. The court below held that the sale of one of the forty-acre tracts was a valid transaction, but that the sale of the other was a mere voluntary transfer, and without consideration as to six hundred dollars of the pretended purchase money.

As to the plaintiffs' appeal, we think the decree should be affirmed without question. It appears from the evidence that Elizabeth Hart paid the full consideration for the forty-acre tract which she first purchased. The contract price for the forty acres which she afterwards purchased was sixteen hundred dollars. The evidence satisfactorily shows that she paid one thousand dollars of the purchase money in cash. There is no evidence that she was an active participant in any scheme to defraud the creditors of James H. Hart. On the other hand, it appears that all the money she paid to James H. Hart was used by him to pay his creditors, and not to defraud them. But six hundred dollars of the consideration for the last purchase were not in fact paid. It is true the parties to the sale and purchase claim that James H. Hart was indebted to Elizabeth Hart in the sum of six hundred dollars on account of certain buildings and improvements she had put upon the land. But any claim for these improvements had long before been barred by the statute of limitations, and in a number of business transactions between the parties after the erection of the buildings, and before

the purchase of the land, the claim for improvements was not recognized, nor was any account taken of it. We think the court rightly held that such a claim ought not now to be recognized, and that to that extent the conveyance was merely voluntary; and, as its direct effect was to prevent the plaintiffs from collecting their judgment, to that extent it was a constructive fraud. We do not think that the evidence warrants a finding that there was any actual fraudulent intent on the part of Elizabeth Hart; but where a conveyance is voluntary, it may be impeached as fraudulent by the creditors of the grantor without showing actual fraud on the part of the grantee. AFFIRMED.