FABER, Respondent, vs. MATZ and another, Appellants.

*October 21 — November 28, 1893.*

*Debtor and creditor: Fraudulent conveyances: Creditors' action: Pleading: Jurisdiction:* Res adjudicata.

1. In a creditors' action under sec. 3029, R. S., the failure of the complaint to contain, in form, the averments in respect to collusion specified in Circuit Court Rule XXVIII, sec. 1, is not ground of demurrer.

2. It is a sufficient compliance with said rule if the complaint states facts from which the lack of collusion, etc., are apparent.

3. The circuit court for Milwaukee county may entertain an action in the nature of a creditors' bill upon a judgment of the superior court of that county, to enforce satisfaction thereof out of property fraudulently conveyed by the judgment debtor.

4. The pendency of proceedings supplementary to execution on a judgment is not a bar to a creditors' action to reach property fraudulently conveyed by the judgment debtor to a third person.

5. The judgment on the debt is conclusive in the creditors' action as to the validity and justice of the plaintiff's claim.

6. Voluntary conveyances by a judgment debtor to a third person of substantially all her property not exempt from execution, upon a trust and benefit reserved to her, are fraudulent as a matter of law.

APPEAL from the Circuit Court for *Milwaukee* County.

This is an action in the nature of a creditors' suit to set aside as fraudulent a deed of conveyance of a certain lot in the city of Milwaukee and the assignment of two mortgages by the defendant *Christiana Matz* to the defendant *Henry Dittmar*, her nephew, being substantially all her

estate, and she being at the time indebted to the plaintiff in the sum of about $400, but owing no other debts. The action was founded on a judgment recovered by the plaintiff against said *Christiana Matz* in the superior court of Milwaukee county, December 27, 1890, execution having been issued thereon and returned wholly unsatisfied. Proceedings supplemental to execution had been instituted against her and the said *Dittmar*, but appear to have been abandoned. The action was begun December 22, 1891, in the superior court of Milwaukee county, but was transferred to the circuit court for Milwaukee county, where, upon trial, a judgment was rendered, from which this appeal is taken.

The complaint is substantially in the usual form, and charges that the defendant *Christiana Matz* had a certain lot in the city of Milwaukee, which was occupied by a tenant, and that she made a fraudulent conveyance of said lot to her nephew, *Henry Dittmar*, for the purpose of preventing her creditors, and particularly the plaintiff, from collecting the amount of their debts out of the lot, and alleges the fraudulent assignment for like purposes of a certain mortgage on a certain lot in Milwaukee, which had been her homestead; and charges that she and *Dittmar* have, or one of them has, property, credits, and effects of said *Christiana Matz* liable to execution, either in possession, or fraudulently concealed so that the same cannot be found, or held in trust, for the purpose of hindering, delaying, and defrauding plaintiff in the collection of his judgment. The complaint did not contain any allegation in form to the effect that the action was not commenced or prosecuted by collusion with the judgment debtor for the purpose of protecting her property or effects against the claim of other creditors, but for the sole purpose of compelling payment and satisfaction of plaintiff's own debt, as required by rule XXVIII, Circuit Court Rules.

The defendants answered separately, insisting that the transfers alleged were made in good faith and for a valuable consideration, and denying the allegations of the complaint. At the trial the defendants demurred *ore tenus* to the complaint, but the court overruled the demurrer.

It was found that the defendant *Christiana Matz* had been the owner in fee simple of lot 2 in block 3, subdivision 5, in the Ninth ward of Milwaukee, which lot was not owned and occupied by her as a homestead, but had been for a long time, and still was, occupied by her tenant, and that it was incumbered by a mortgage for $500, then due; that on the 26th of August, 1890, the defendant *Christiana Matz* executed and delivered to the defendant *Dittmar* a deed of conveyance purporting to convey to him said lot; that it was executed for the purpose of deceiving and hindering the creditors of *Christiana Matz*, and especially the plaintiff, and was fraudulent and without any valuable consideration, the defendant *Dittmar* knowing the purpose for which it was made and colluding in that behalf with the said *Christiana Matz* for the purpose aforesaid; and that on the same day said defendant *Matz* executed an assignment of a certain note and mortgage particularly described in the finding, without any consideration and for the like fraudulent purpose, to the said *Dittmar;* and that she has no other property than the said lot and said $500 mortgage out of which the plaintiff's claim could be collected. The court adjudged said deed of conveyance of said lot and the assignment of said mortgage fraudulent and void, and that the same be vacated and set aside, and that the defendant *Dittmar* assign and transfer the note and mortgage to a receiver, and that he take possession of the said lot and sell and dispose of the same and apply the proceeds, or so much as might be necessary, to the satisfaction of said judgment, with interest, costs, etc.

It appeared from the testimony of the defendants that

on the 26th day of August, 1890, said *Christiana Matz* conveyed the said lot to the defendant *Dittmar*, and also assigned to him a mortgage for $1,500, as well as the mortgage for $500, because she was old and had made up her mind to come and live with *Dittmar;* that he paid her $1 for each paper,.and was to keep and support her and do all that was necessary for her as long as she lived, and that he was now carrying out that agreement, and she had lived with him ever since. He was to bury her when she died, pay her funeral expenses, and set up a tombstone for her, and distribute about $500 among her brothers and sisters. The mortgage for $1,500 was given for the purchase money of her homestead, sold and conveyed to one Richert, the mortgagor. Testimony was given tending to show that the defendant *Christiana Matz* was about leaving town about the 20th of August, 1890, and the plaintiff called on her for payment of the amount due him; that she promised to send the defendant *Dittmar* down to the plaintiff's office at 4 o'clock; that he accordingly came, and offered $50 to settle the claim upon which the judgment was afterwards obtained, the plaintiff offering to take $200 rather than to have more trouble about it; but *Dittmar* told him if he did not take $50 he would not get anything. Assignments of the mortgages and the conveyance of the lot in question were executed a few days thereafter. The circuit court held that the $1,500 mortgage for part of the purchase money of the homestead of the defendant *Matz* was exempt. The action for the recovery of the debt was undefended, and plaintiff obtained judgment for $439.57 by default. *Dittmar's* agreement to support *Christiana Matz*, etc., was oral, and there was no security given for its performance.

The cause was submitted for the appellants on briefs by *J. M. Clarke*, and for the respondent on the brief of *Rietbrock & Halsey*.

Faber vs. Matz and another.

To the point that the circuit court could not take jurisdiction while proceedings to enforce the judgment of the superior court were still pending in that court, counsel for the appellants cited 12 Am. & Eng. Ency. of Law, 292; *Orient Ins. Co. v. Sloan,* 70 Wis. 611, 617; *Fenske v. Kluender,* 61 id. 602; *Coon v. Seymour,* 71 id. 340.

PINNEY, J.  1. It is objected that the complaint is insufficient, because it does not contain, in form, the averments specified in sec. 1, rule XXVIII, of the rules of practice of the circuit court.  The allegations required by this rule are not of the substance of the cause of action, which is complete without them.  The object of the rule is to guard against fraud and collusion between the plaintiff and the judgment debtor, and to protect the rights of third parties. The want of such an averment might be ground for staying the action or taking the complaint off the files, on the application of a proper party, unless the defect was supplied; but is not ground of demurrer.  The complaint states facts from which it is apparent that there is no collusion between the parties, and that the plaintiff was prosecuting the action for the sole purpose of compelling payment and satisfaction of his judgment; and this is a sufficient compliance with the rule.  *Marston v. Dresen,* 76 Wis. 418.

2. The objection that the circuit court had no jurisdiction to entertain an action in the nature of a creditors' bill upon a judgment of the superior court of Milwaukee county, to enforce its satisfaction out of the property fraudulently conveyed by the judgment debtor, is clearly untenable. This action, however, was commenced in the superior court, and transferred to the circuit court.

3. The proceedings supplementary to execution commenced on the judgment, if still pending and properly pleaded, would not be a bar to this action.  The object of the action is to reach property fraudulently assigned and

conveyed to a third party, and his rights could not be adjudged in respect to it save in a plenary action brought by a receiver appointed in the supplementary proceedings. The plaintiff had his election either to obtain the appointment of a receiver in whose name the action might be brought, or to proceed in his own name under sec. 3029, R. S. *Bennett v. McGuire,* 58 Barb. 625; *Gates v. Young,* 17 N. Y. Weekly Dig. 551.

4. The judgment in favor of the plaintiff against the defendant *Matz,* upon which the action was based, is conclusive as to the validity and justice of the plaintiff's claim, and it could not be impeached in this action. *Carpenter v. Osborn,* 102 N. Y. 552; *Decker v. Decker,* 108 N. Y. 128.

5. The burden of proof to show that the lot conveyed by the defendant *Matz* to *Dittmar* was her homestead was on the defendants, but it is plain from the evidence that this lot was not, and never had been, her homestead, and that the conveyance of it to *Dittmar,* as well as the assignment to him of the mortgage of $500, were without valuable consideration, and were voluntary conveyances made upon a trust and benefit reserved to the judgment debtor, and constituted substantially all her property not exempt from execution. Under such circumstances these transfers are fraudulent as a matter of law, and upon proof of these facts a trust in the property assigned and conveyed results in favor of the creditors of the defendant *Matz,* who made them. "The law imputes fraud to such transactions. A man involved in debt has no right to give away all his property at the expense of his creditors. He must be just before he is generous." *Marston v. Dresen,* 76 Wis. 418, 421; *Severin v. Rueckerick,* 62 Wis. 1; *Daskam v. Neff,* 79 Wis. 164. That *Dittmar* had full knowledge of the facts, and that the deed and assignment were fraudulent as a matter of law, whatever may have been the intent of the parties, as against the plaintiff, is very plain. The court

could not hesitate to set them aside as fraudulent, and its. judgment to that effect is correct.

*By the Court.*— The judgment of the circuit court is affirmed.