HENRY HARRIS, Appellant, v. HARRIETT BRINK.

**Fraudulent Conveyance: FUTURE SUPPORT.** Property conveyed by a debtor in consideration of an agreement for his future support, is chargeable with a lien in favor of existing creditors who have no other means of enforcing their claims, to the extent that the value of the property and of its use exceeds the amount of the support actually furnished by the grantee, in good faith.

*Appeal from* *Allamakee District Court.*—HON. E. E. COOLEY, Judge.

SATURDAY, DECEMBER 12, 1896.

SUIT in equity to set aside a conveyance of real estate, made by John Harris to the defendant, and to subject the property to payment of a debt due to the plaintiff from Harris, and for other relief. There was a decree for the defendant, and plaintiff appeals.— *Reversed.*

*Stilwell & Stewart* for appellant.

*M. B. Hendrick* for appellee.

ROTHROCK, C. J.—John Harris died on the sixth day of September, 1891. The plaintiff claims that when Harris died he was indebted to the plaintiff in the sum of two hundred and fourteen dollars and fifty cents, and interest. The deceased had no money and no property of any kind when he died. He had been the owner of a farm of forty acres, and some cattle, and some other personal property. On the twenty-sixth day of May, 1890, he executed and delivered to the defendant a quitclaim deed for the farm. The following is a copy of said conveyance: "I, John Harris, widower, in consideration of eight hundred dollars

in hand paid, do hereby sell and quitclaim unto Mrs. Hattie Brink the following described premises, the NE NW of 22-98-6. And it is expressly agreed that a part of the consideration herein is the future support of the said John Harris by the said Hattie Brink, and a failure of the said Hattie Brink to furnish the said John Harris proper support and all necessary clothing and forty dollars cash each year, and care in sickness and in health, and furnish and pay all doctor bills of John Harris during all his life, shall be a failure of the consideration hereof, and shall work a forfeiture of this deed, and the said Hattie Brink, on condition that she shall give my body a suitable burial, shall have all property, personal and real, left by me at my death, and the said John Harris hereby relinquishes his right of dower and homestead in and to the same." There was no incumbrance, or lien, upon the land, and there is no question that Harris was the owner in fee simple, and had the right to sell and dispose of it. He had no wife living and no children. He had owned the farm for many years, and he and a daughter occupied it as a home. He conveyed the land to his daughter, and at her death, which occurred May 13, 1890, he inherited the property from her. The plaintiff is a brother of John Harris. He alleges in the petition that the conveyance to Mrs. Brink was fraudulent as to the creditors of Harris, and that it was absolutely void as to the heirs of Harris, for the reason that he was incapable mentally of making a disposition of his property by deed. It is also averred that the plaintiff is the only heir at law of the deceased, and the relief demanded is that his claim as a creditor be established as a lien upon the farm, and that he be declared to be the owner of the fee in the land by inheritance. All of the averments of the petition were denied in the answer. Numerous witnesses

were examined by the respective parties. We will not set out and review the testimony. It will be sufficient to state facts which we believe to be established by a preponderance of the evidence: (1) At the time of the death of John Harris he was indebted to the plaintiff in the sum of two hundred dollars. All of his claim, except thirty-five dollars for money loaned, consisted of items of account for the use of horses, and for hogs sold to the deceased, and for hay and grain furnished to him to feed his stock. The amount claimed in the petition was two hundred and fourteen dollars and fifty cents. We deduct all in excess of two hundred dollars, for the reason that we think one charge for a coat ought not to have been made, and other items appear to be overestimated. This account ought to draw interest at six per cent. from November 15, 1890. (2) John Harris was about seventy-six years old when he died. For a number of years before his death, he was greatly afflicted with rheumatism, so that he was very feeble, and walked with difficulty, and in a stooping position. But there is no satisfactory evidence that he was mentally incapable of making a contract or a will. He knew just what he was doing when he executed the deed to Mrs. Brink. (3) A few days after the conveyance was made, Harris, by a bill of sale, transferred some cattle to the defendant, of the value of seventy dollars. At the time of both transactions, defendant knew that Henry Harris claimed that John Harris was indebted to him. She also knew that W. C. Earle had a claim against him. It is true that she did not know that the claims were valid obligations. John Harris denied to her that he was in debt to the plaintiff. (4) At the time of the conveyance the farm was worth one thousand two hundred dollars, and the cattle were of the value of seventy dollars. At the date of the trial in the district court, the defendant had been in possession of

the farm for about five years, and the use and occupation was worth five hundred dollars. The defendant paid debts and funeral expenses of Harris and his daughter, and nursed and cared for him until he died, and the total value of the services and money paid was six hundred and thirty-five dollars. It therefore appears to us that, including the use of the farm, the defendant has received property of the value of one thousand seven hundred and seventy dollars, for which she has given as a consideration about six hundred and thirty-five dollars. The principal part of this sum consists of the value of the services rendered in caring and providing for Harris from the time of the death of his daughter until he died.

It appears to be well settled that, where the consideration for a conveyance is an agreement for the future support of the grantor, the transaction is fraudulent in law as to the creditors, to the extent which the value of the property is in excess of the support furnished. The authorities proceed upon the theory that it is the legal duty of a debtor to pay his debts, rather than to provide for his future support, and that existing creditors may avail themselves of property conveyed for future support for the payment of their claims, when the debtor has no other property out of which payment can be enforced. *Walker v. Cady* (Mich.) 63 N. W. Rep. 1005; *Kelsey v. Kelley*, 63 Vt. 41 (22 Atl. Rep. 597); *Farlin v. Sook*, 30 Kan. 401 (1 Pac. Rep. 123); *Henry v. Hinman*, 25 Minn. 199; *Faber v. Matz*, 86 Wis. 370 (57 N. W. Rep. 39). And where the parties have acted in good faith, the conveyance may be sustained, so far as the consideration paid by the grantee, without notice, is involved, but will be set aside as to any value in the property in excess of the amount paid; and in such case the grantee is chargeable with the value of the use of the property. *Loos v. Wilkinson*, 110 N. Y. 195 (18 N. E. Rep. 99); *Gould*

*v. Hurto,* 61 Iowa, 45 (15 N. W. Rep. 588); *Redhead v. Pratt,* 72 Iowa, 99 (33 N. W. Rep. 382); *Gaar, Scott & Co. v. Hart,* 77 Iowa, 597 (42 N. W. Rep. 451). Applying these well-settled principles to the facts as we have found them to be, we think the plaintiff is in equity entitled to have his claim to the amount of two hundred dollars, with interest, as above stated, established as a lien against the farm. We do not believe that the defendant acted in bad faith. She did faithful service for John Harris and his daughter, for which she should be well recompensed. While she knew that the plaintiff had some demands which he asserted against Harris, yet her information from him was, that he was in no way indebted to his brother. The decree of the district court is reversed, and the cause is remanded to the district court for judgment and decree, in harmony with this opinion.—REVERSED.