B. Ellsworth Spear, In Equity,

*vs.*

William Spear, and another.

Knox.    Opinion April 27, 1903.

*Fraudulent Conveyance,— Voluntary.    Cloud on Title.    Execution.    Levy.    Intent.
Knowledge.    Estoppel.    Burden of Proof.    Equity.*

The question as to whether a voluntary conveyance is void as to existing creditors, depends on all the surrounding circumstances and the resulting ability or inability of creditors to collect the indebtedness due them.

A conveyance from a father to his son, when the former is largely in debt and in consideration of an agreement for the grantor's support, is voluntary and prima facie fraudulent and void as to then existing creditors.

A voluntary conveyance, established to be fraudulent and void as to existing creditors, is a cloud upon the title acquired by virtue of the levy of an execution issued on a judgment founded on such a debt.

On a creditor's bill brought against the grantee named in such a deed to compel him to convey the land and thus remove the cloud, it is not necessary to allege or to prove knowledge on the part of the grantee of the fraudulent intent of the grantor.

The burden of proving the facts necessary to constitute a claimed estoppel is upon the party who sets up the defense.

Bill in equity by an execution creditor to compel the grantee, in a conveyance claimed to be fraudulent, to execute a deed of certain real estate in Warren, Knox County, and thus remove a cloud from the title obtained by plaintiff by levy of an execution issued on a judgment founded on a debt existing at the time of making the deed.

The case is stated in the opinion.

*J. H. H. Hewett and D. N. Mortland,* for plaintiff.

*L. M. Staples,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

WISWELL, C. J.   On July 6, 1900, while William Spear, one of the respondents, was indebted to the complainant to the extent of about twenty-six hundred dollars, he conveyed to his son, Melbourne A. Spear, the other respondent, his homestead farm, in consideration of an agreement given by Melbourne to him for his support, secured by a mortgage upon the property.

The complainant subsequently commenced suit against William Spear, and at the December term, 1901, of this court for Knox County, recovered judgment for $2623.67 and costs. Execution was issued thereon, upon which the complainant caused the property conveyed, together with two other parcels of real estate, to be seized and levied upon.

In this bill the complainant alleges that this conveyance was fraudulent and void as to him, an existing creditor at the time of such conveyance; but he alleges that the conveyance constitutes a cloud upon his title acquired by seizure and levy, and he asks that the respondent, Melbourne, be required by a decree of this court to execute a sufficient release deed of the premises to the complainant.

The foregoing facts being admitted or proved, the complainant is entitled to the relief prayed for. The conveyance of the father to the son, when the former was largely indebted, and in consideration of an agreement for the grantor's future support, was a voluntary one and was prima facie fraudulent and void as to the then existing creditors. It is true that this presumption is not an absolute one and may be rebutted by proof that at the time of the conveyance the grantor had sufficient available property remaining to pay his indebtedness. The question as to whether a voluntary conveyance is or is not void as to existing creditors depends upon all the surrounding circumstances, and upon the necessary consequences of the convey-

ance upon the ability of creditors to collect their indebtedness. *Gardiner Savings Institution* v. *Emerson,* 91 Maine, 535 ; *Whitehouse* v. *Bolster,* 95 Maine, 458.

But in this case it does not appear that the grantor, at the time of his conveyance to his son, had any other property, with the exception of the two parcels of real estate that the complainant caused to be seized and levied upon. These two parcels were valued by the appraisers at $750 and $500 respectively, while the property conveyed was appraised at $1500, and the three lots were not quite sufficient to satisfy the execution and the ' cost of the levy. This conveyance was therefore void as to the complainant; the latter has acquired title thereto by his levy, and is entitled to the relief sought for to remove the cloud from his title. *Wyman* v. *Fox,* 59 Maine, 100.

But it is set up in .defense that the complainant, also a son of William Spear, knew of the contemplated conveyance from father to son to secure the former's future support and advised that it be made, so that he is now estopped from claiming that it was void as to him. It would be unprofitable in this opinion to analyze the testimony upon this question. The burden of proving this proposition, relied upon by the defense, is upon the defense, and it is sufficient to say that the evidence fails to satisfy us that the complainant had any knowledge that this transfer was contemplated or that he in any way consented to it.

Where the conveyance claimed to be void as to existing creditors is a voluntary one, as was this, it is not necessary to either allege or prove knowledge upon the part of the grantee of the grantor's fraudulent intent, although it is otherwise where the alleged fraudulent conveyance is made for a valuable and adequate consideration. *Egery* v. *Johnson,* 70 Maine, 258.

*Bill sustained. Decree as prayed for.*