U. H. RUMMEL, Administrator, Appellee, v. LOREN D. ZEIGLER, et al., Appellants.

No. 44366.

AUGUST 5, 1938.

REHEARING DENIED NOVEMBER 18, 1938.

Nagle & Hill, for appellants.

Birdsall, Archerd & McGrath, for appellee.

MITCHELL, J.—In September of 1931 Bertha Zeigler and David F. Zeigler, wife and husband, who lived in Codington County, South Dakota, executed and delivered to two of their sons, Loren and Elery, a warranty deed for 80 acres of land located in Wright County, Iowa. The recital in the deed as to the consideration is as follows: "The sum of One Dollar to her in hand paid by Loren D. Zeigler and Elery F. Zeigler," and, "that the same are free from all encumbrances, excepting mortgage of record, which grantees assume and agree to pay." The encumbrance on the farm at the time of the transfer was a mortgage of $600.

The sons to whom the 80 acres were transferred, were working at home, assisting in farming three quarter sections of land operated by the mother and father. They received no wages. The father died on November 5, 1932, and the mother on December 21, 1933. In 1935 Loren Zeigler and Elery Zeigler moved to Iowa and improved the 80-acre tract of land that had been transferred to them.

In 1937 U. H. Rummel was duly appointed and qualified as administrator of the estate of Bertha Zeigler, who died intestate, and he commenced this action to set aside the deed to the 80 acres, alleging that said conveyance was fraudulent as against him and the creditors of the said estate, the record showing that Bertha Zeigler was indebted to a certain bank in South Dakota at the time she made the transfer, and that there was no property out of which her debts could be paid. Answer was filed, denying each and every allegation, praying that the petition be dismissed with costs. There was a trial, at which evidence was offered, and the lower court entered a decree, setting aside the deed but establishing a lien in favor of the defendants in the amount of $3,700, against the real estate. From this decree Loren and Elery Zeigler have appealed. There is also a cross-appeal on the part of U. H. Rummel, the administrator of the mother's estate.

There is little dispute in the record. The Zeiglers lived in South Dakota. They operated three quarter sections of land. The mother owned the 80 acres in Wright County. Loren and Elery lived at home and assisted their parents in the operation of the Dakota land. They received no wages for the work they performed. It is their claim that the consideration for the transfer of the 80 acres by their mother to them was: the past due wages which were owing them; the amount of the first mortgage

on the land in Wright County, to wit: the sum of $600; and the agreement on their part to take care of their parents as long as they lived and to pay for their burial expenses. That they performed the labor is not denied. The value of the services and the length of time are in dispute.

I. It is the contention of the appellee on his cross-appeal that the lower court erred in holding that Loren and Elery Zeigler were entitled to credit for wages for work they claimed to have performed; that it was also in error in allowing the funeral and medical expenses, because they were contracted to be performed in the future and there was no consideration at the time the deed was made. Loren was allowed the sum of $840, which was at the rate of $35 per month; and Elery, on the same basis, was allowed the sum of $140. We are convinced that the lower court was right in allowing these amounts, which the record shows were a fair, reasonable allowance for the services rendered. The amount of the funeral expense was $1,200 and of the medical expense $320. Appellee overlooks the fact that at the time of the commencement of this action to set aside this deed the contract the Zeigler sons entered into with their mother had been fully executed and the funeral and medical bills had been paid.

In the case of Merithew v. Ellis, 116 Me. 468, 102 A. 301, 2 A. L. R. 1429, the Maine court said (we quote from page 470 of 116 Me., page 301 of 102 A., page 1430 of 2 A. L. R.):

"The defendant attacks the deed of June 6, 1889, from the mother to her minor daughter, relying upon the familiar principle that a conveyance of all one's property in consideration of future support is purely voluntary and prima facie voidable as to existing creditors. Such is the law. Webster v. Withey, 25 Me. 326; Rollins v. Mooers, 25 Me. 192; Egery v. Johnson, 70 Me. 258; Graves v. Blondell, 70 Me. 190; Spear v. Spear, 97 Me. 498, 54 Atl. 1106.

"But another rule is of equal force, that if, in the performance of such an agreement, the support has been actually furnished in good faith, so that the consideration has been subsequently paid, the conveyance will be upheld. 'Such a conveyance will not be set aside at the instance of creditors, after support has been furnished in reliance on it, which in value exceeds that of the property conveyed.' 12 R. C. L. 547; Kelsey

v. Kelley, 63 Vt. 41, 22 Atl. 597, 13 L. R. A. 640; 20 Cyc. 493; Harris v. Brink, 100 Iowa 366, 69 N. W. 684, 62 Am. St. Rep. 578; Walker v. Cady, 106 Mich. 21, 63 N. W. 1005; Long Branch Bkg. Co. v. Dennis, 56 N. J. Eq. 549, 39 Atl. 689. These cited cases are all in equity, but there is no logical reason why the justice of the principle should not be applied in an action at law when the facts warrant it.''

The Indiana court in Hays v. Montgomery, reported in 118 Ind. 91, 20 N. E. 646, at page 647 said:

''In the case of Willis v. Thompson, 93 Ind. 62, it is held that a conveyance made in consideration of an agreement on the part of grantee to support and maintain the grantor during life was a valid one, and, where the grantee had performed the contract, it became a valuable consideration, and in order to set aside such conveyance as fraudulent, as against creditors, it was necessary to aver and prove that such conveyance was made with the fraudulent intent to cheat and defraud creditors, and that the grantee, at the time of the conveyance, had notice of such intent.''

And in Walker v. Williamson, 177 Ky. 599, 198 S. W. 10, at page 12, the Kentucky court said:

''Purely voluntary conveyances are per se fraudulent as to existing creditors, regardless of the intent of either of the parties or knowledge of the grantee of the existence of his grantor's indebtedness, and the law seems to be that conveyances upon the sole consideration of future support are, at least to the extent that they have not been executed, voluntary ones within this rule. In asserting this principle, the editor in 20 Cyc. vol. 493, says:

'' 'An agreement for future support is not a sufficient consideration to uphold a conveyance or transfer by a debtor, when to do so will operate to the prejudice of the existing creditor, as where all the debtor's property is conveyed or transferred. Where, however, support has been furnished in good faith, the conveyance will be sustained to that extent; and where an agreement for future support has been fully performed it becomes a valuable consideration, and in order to set the conveyance aside as fraudulent against creditors, it is necessary to show that such conveyance was made with fraudulent intent, and that

the grantee at the time of the conveyance had notice of such intent.'

"Cases from the courts of many states will be found cited in the notes in support of the general rule set forth in the first part of the quotation. The same rule is stated in Ruling Case Law, vol. 12, pp. 546, 547, wherein it is said:

" 'Ordinarily a transfer of property in consideration of future support is invalid, at least as to existing creditors, whether it be the support of the debtor himself or members of his family, though in some cases it is held that there is merely a presumption of fraud in such cases, subject to be rebutted by evidence that the grantor retained sufficient property to pay all his debts. Such a conveyance will not be set aside at the instance of creditors, however, after support has been furnished in reliance on it, which in value exceeds that of the property conveyed, and in any case, if the parties have acted in good faith, it will be sustained to the extent of the support actually furnished. One view is that if part of the consideration only is the future support, it will be invalid as to that part only, but other cases say that the courts will not undertake to determine what part of the consideration was paid in money, or other property, and what was to be paid in future support, but will hold the entire transaction a nullity. A man cannot create a spendthrift trust in his own favor.' "

And so in the case at bar this record clearly shows that the agreement to be performed in the future, to wit, the payment of the burial and medical bills, had been performed. In good faith these sons carried out the agreement they had entered into, and there is no showing that the conveyance was made with fraudulent intent. It appears to be a case where a mother and father, unable to meet obligations that they owed their sons for labor performed, due to adverse conditions over which they had no control, sold to them the 80 acres involved in this case. The lower court was right in allowing the amount for the burial and medical expenses.

II. The trial court found that at the time the real estate was transferred in 1931 the actual value was $3,600. There is evidence in the record to support this finding. There is also evidence that the land was not worth in excess of $3,200 at the time it was transferred. Values of real estate are always hard to

ascertain. Experts disagree. And so it is in this case. However, it is fair to say that in 1931 the land was worth somewhere between $3,200 and $3,600. In 1937, when this action was brought, there had been a sharp advance in the value of real estate. The record shows (and the trial court so found) that the actual value at that time was $6,500. In deciding this case the trial court held, because the value of the land had increased from $3,600 to $6,500, there was now an equity of some $2,800 above the consideration which was paid, and that this was such an inadequacy of consideration that he set aside the deed and held the administrator was entitled to subject the real estate in question to the payment of the established claims against the estate, subject to the lien of the appellants, which he fixed at the amount of $3,700. In this he was in error. The value to be taken into consideration is the value at the time the transfer was made, which was in the year 1931, not at the time that this action was brought to set aside the deed, which was in 1937. The inadequacy of consideration, which is the basis for the setting aside of the deed, is the inadequacy at the time the deed was made and not at some time in the future. On the basis of the value of the land at the time the transfer was made, the inadequacy of consideration was but a matter of a few hundred dollars, and was so slight that it would not be sufficient to show a fraudulent intent.

And it necessarily follows that this case must be reversed and remanded to the lower court for a decree in accordance with this opinion. The judgment of the lower court on the appeal of the appellants is reversed, and on the cross-appeal of the appellee is affirmed.

SAGER, C. J., and ANDERSON, DONEGAN, KINTZINGER, RICHARDS, and STIGER, JJ., concur.