43 N.J. Super. 438 (1957)
128 A.2d 875
AUGUSTUS TOWNSEND AND WILLIAM TOWNSEND, T/A A. TOWNSEND & SON, PLAINTIFFS,
v.
JOHN McGRAIN, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 25, 1957.
*439 Messrs. Dimon, Haines and Bunting, attorneys for plaintiffs (Mr. Martin L. Haines appearing).
Mr. George M. Hillman, attorney for defendants.
GOLDMANN, J.S.C. (orally).
Plaintiffs bring this action to set aside a conveyance made by defendants McGrain to defendants Haines as being in fraud of creditors. The parties have agreed that the cause may be determined upon the following stipulation of facts without the taking of testimony and proofs.
Defendant John McGrain was the owner of the premises in question, constituting all his assets and consisting of a dwelling, barn, outbuildings and about 40 acres of land located in Mansfield Township, Burlington County. On April 4, 1955 he and his wife, defendant Emily McGrain, conveyed this property to their daughter, defendant Virginia Haines, and her husband, defendant Harold Haines. The only consideration for the conveyance was the following recital in the deed:
"This conveyance is made subject to right of the parties of the first part [the McGrains] to occupy the same as a home for and during the term of their natural lives, and as part of the consideration the parties of the second part agree to support and maintain the parties of the first part and pay all charges for insurance, taxes and maintenance of the said property."
At the time of the conveyance defendant John McGrain was indebted to the plaintiffs on a book account in the amount of $1,406.30, plus interest. On December 17, 1956 plaintiffs obtained a judgment against him on this claim in the amount of $1,631.28, with costs. Defendants Haines have actually furnished support in accordance with their agreement and spent considerable sums in improving the premises. (It may *440 be noted, parenthetically, that just what expenses the Haines were put to is not stated; they make no claim for reimbursement.) The stipulation goes on to state that they have changed their mode of living by reason of the conveyance.
The parties have agreed that the sole question to be decided is whether the conveyance was in fraud of creditors because the consideration received by McGrain was not a "fair consideration," as required by law.
R.S. 25:2-10, which is identical with section 4 of the Uniform Fraudulent Conveyance Act, provides that
"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."
R.S. 25:2-9, identical with section 3 of the uniform act, provides:
"Fair consideration is given for property or obligation:
(a) When in exchange for such property or obligation, as a fairb equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied; or
(b) When such property or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property or obligation obtained."
John McGrain admittedly was rendered insolvent when he gave all he owned to his daughter and son-in-law.
It has almost universally been held that a debtor's conveyance of all his property in consideration of an agreement to support him in the future is invalid as to existing creditors whose rights are prejudiced by such transfer. This rule applies regardless of the motives causing the transfer, or the fact that there was no actual intent to defraud. 24 Am. Jur., Fraudulent Conveyances, § 35, p. 193; 37 C.J.S., Fraudulent Conveyances, § 149(a), p. 970; Annotations, 23 A.L.R. 584 (1923) and 2 A.L.R. 1438 (1919); 1 Glenn, Fraudulent Conveyances and Preferences (rev. ed. 1940), § 277, p. 474; and the opinions in Rummel v. Zeigler, 225 Iowa 613, *441 281 N.W. 159 (Sup. Ct. 1938); Westminster Savings Bank v. Sauble, 183 Md. 638, 39 A.2d 862 (Ct. App. 1944); Petition of National City Bank of New York, 269 App. Div. 1040, 58 N.Y.S.2d 620 (App. Div. 1945); Matthews v. Matthews, 207 S.C. 170, 35 S.E.2d 157 (Sup. Ct. 1945); Scarborough v. Pickens, 26 Tenn. App. 213, 170 S.W.2d 585 (Ct. App. 1942), to mention some of the more recent cases which adhere to the stated principle.
What constitutes "fair consideration" under the Uniform Fraudulent Conveyance Act must be determined from the standpoint of creditors. McCaslin v. Schouten, 294 Mich. 180, 292 N.W. 696 (Sup. Ct. 1940).
"The test in determining the propriety of a creditor's challenge of the conveyance for lack of a `fair consideration' within the meaning of the act depends on whether the debtor is thereby rendered execution proof, and the existence of any intent of fraud on the part of either the grantor or the grantee is an immaterial factor." Hansen v. Cramer, 39 Cal.2d 321, 324-325, 245 P.2d 1059, 1061, 30 A.L.R.2d 1204 (Sup. Ct. 1952).
Glenn, in section 275 of his cited work, at page 471, suggests a similar test, that is, whether the debtor's estate has been unfairly diminished by his conveyance.
Conveyances like the one under consideration have generally been held invalid as to creditors on the theory that they constitute either a voluntary conveyance or, what seems to be the sounder reason, that they create a trust for the debtor in his own property. Such conveyances are uniformly held to be fraudulent as to creditors, for the law does not permit a debtor to put his property beyond the reach of creditors and at the same time enjoy the benefit thereof.
The grantor must pay his creditors before providing for his own future. The conveyance in question is fraudulent and will be set aside.