WILLIAM HENRY *vs.* WILLIAM HINMAN and another.

July 22, 1878.

**Fraudulent Conveyance in consideration of Future Maintenance.**—A debtor, upon the consideration of one dollar and of a covenant by the grantee to support him during his life, transferred all his personal property, and all his real estate which could be reached by execution to the county where he lived, amounting in value to over $2,000. There being no proof that the debtor had any other property than that transferred: *Held*, that the conveyance was fraudulent and void as to creditors.

The plaintiff brought this action in November, 1873, in the district court for Scott county, alleging that on December 26, 1872, the defendant Hinman, being insolvent, and being the owner of 120 acres of land in Scott county, conveyed the same to the other defendant Albert Manley, with intent to defraud his creditors, and upon the nominal but fictitious consideration of $500; that at the time of such conveyance, the defendant Hinman was indebted to plaintiff, on which indebtedness judgment was recovered by plaintiff against Hinman, on September 12, 1873, and execution issued thereon to Scott county, where Hinman resided, which execution was returned wholly unsatisfied; that the land so conveyed is of the value of $1,500, and Hinman has no other property out of which the plaintiff can obtain satisfaction of his judgment. The answer denies the allegations of the complaint, except the making and record of the conveyance, which are admitted, and alleges that the same was upon a good and valuable consideration. It further alleges that, since this action was brought, the plaintiff's judgment was set aside and a new trial ordered. The action was tried at the December term of the court, in 1875, before *Crosby*, J., sitting for the judge of the eighth district, upon whose findings a judgment was entered for the defendants, from which the plaintiff appealed.

*E. Southworth*, for appellant.

*L. M. Brown* and *R. A. Irwin*, for respondents.

To maintain this action. the plaintiff must show that the defendant Hinman had not sufficient other property liable to sale on execution, out of which the judgment could be satisfied.    *McKibben* v. *Barton*, 1 Mich. 213 ; *Brinkerhoff* v. *Broom*, 4 John Ch. 671; *Clarkson* v. *De Peyster*, 3 Paige, 320 ; *Payne* v. *Sheldon*, 63 Barb. 169.    For anything that appears in the case, Hinman, after conveying the farm in Scott county, may have retained real estate enough in other counties, subject to execution, to more than satisfy all his debts.    The execution and return do not prove that he had no property, except as to Scott county.    The issuing of an execution and a return *nulla bona* are jurisdictional matters, and show sufficient, *prima-facie*, to give jurisdiction to a court of equity to interfere in favor of the creditor.    *Board of Public Works* v. *Colum bia College*, 17 Wall. 521; *Tyler* v. *Peatt*, 30 Mich. 63; *Dunlevy* v. *Talmadge*, 32 N. Y. 457; *Payne* v. *Sheldon.* 63 Barb. 169.    But such execution and return do not prove or tend to prove that Hinman has not sufficient property in this state to pay the plaintiff's judgment, but only shows that such property is not situated in Scott county.

GILFILLAN, C. J.    From the findings of the court below, it appears that the plaintiff's judgment was recovered upon an indebtedness which accrued prior to the conveyance by Hinman to Manley which is sought to be set aside in this action, as made with intent to defraud plaintiff; so that, if it was made with that intent, it must be set aside.    The court, in effect, finds against the allegation in the complaint that such conveyance was made with intent to defraud; and if that finding stands, plaintiff cannot recover.    But the finding is wholly unauthorized by the evidence.    The evidence given for plaintiff is explicit—and no attempt was made to contradict it— that Hinman made the conveyance of the real estate, and also transferred all his personal property of every description, to Manley, on the same day, and upon the same consideration. The defendants introduced the bill of sale of the personal property, and it was the only evidence offered by defendants

to show the character of the conveyance. This bill of sale purports to have been made in consideration of the covenants therein contained, on the part of Manley, of one dollar in hand paid by Manley, "and for divers other good causes and considerations." The covenants mentioned are "that he, the said Albert Manley, his heirs, executors, administrators and assigns, shall and will, at his and their cost, charges, and expense, maintain and keep the said William Hinman, the remainder of his life, with good and sufficient meat, drink, washing, lodging and clothing, at his, the said Manley's, own dwelling-house." Two witnesses swore to the admissions of Manley, made under oath—and there was no attempt to contradict them—that the only consideration for the conveyance of the land, and transfer of the personal property, was the one dollar and the covenant to support. The value of the property was over two thousand dollars. No attempt was made to show that Hinman had any other real estate, or anything left which his creditors could reach. An execution on plaintiff's judgment was issued to the county where Hinman resided, and returned no property found. Hinman was a brother-in-law of Manley, and, at the time of the conveyance, was an inmate of his family. The case is one, then, of a party who, being in debt, transfers to a relative all his personal property, and all his real estate which can be reached by execution issued to the county where he lives, upon the nominal consideration of one dollar, and the actual consideration of a promise to support him while he lives. By such transaction he attempts to place the property beyond the reach of creditors, and to secure the consideration to his own use, so that shall also be beyond their reach. It is, in the absence of proof of other property left to satisfy creditors, a clear *prima-facie* case of an intent to defraud creditors—one which requires strong evidence to overcome; and the defendants made no effort to overcome it. It was of such a character as to bear on its face notice of the intent with which the transfers were made, so that Manley is chargeable with such notice.

After this action was commenced, the judgment of the plaintiff was vacated by the court in which it was rendered, but,. before the trial of this action, the order vacating it was reversed by this court,* so that, at the time of the trial, the judgment stood as though the order had not been made, and the case was no way affected by it.

Judgment reversed, and new trial ordered.

* *Henry* v. *Hinman*, 21 Minn. 378.　[REPORTER.