EUNICE E. FARNHAM and others *vs.* JAMES A. KENNEDY and Wife, impleaded, etc.

October 17, 1881.

**Conveyance from Husband to Wife, through Third Person, held not. Fraudulent as to Creditors.**—The plaintiff claimed that certain lands. were conveyed by defendant K. to one T., and by T. to K.'s wife, in fraud of plaintiffs, as K.'s creditors. The evidence reasonably tending to show that K. purchased the land for his wife, and as her agent; that the cash payment for the same, as well as two deferred payments, were made with her money and separate property; that K. was indebted to his wife in a. sum considerably exceeding the unpaid portion of the purchase-money,. for which K. had given his note; that the title was originally taken in K.'s name, without his wife's knowledge or consent; and that the convey-ance from K. to T. was made for the purpose, expressly understood and agreed upon between K. and his wife, that T. should convey to her, so that the title should come into her name, in pursuance of and to carry out the design of the original purchase,—*held*, that this was sufficient to warrant the trial court in finding, in effect, that the conveyances were not fraudulent as respects the plaintiffs, and that this action, which was brought to subject the land to their execution against K., should be dis-missed.

The plaintiffs, partners as Farnham & Lovejoy, having recovered a judgment against defendant James A. Kennedy, brought this action in the district court for Ramsey county, to subject to their execution certain lands conveyed by Kennedy to defendant Trussell, and by the latter to Kennedy's wife. The consideration on which plaintiffs' judgment was recovered was an endorsement. by Kennedy on a note dated May 15, 1878. The transfer to Trussell was made on July 8,. 1878, and the transfer to Kennedy's wife by Trussell was made Sept. 3, 1879.

The action was tried by *Brill,* J., without a jury, and judgment was. ordered for defendants. Plaintiffs appeal from an order refusing a. new trial.

*Henry P. Herring,* for appellants.

*Robinson & Parke,* for respondents.

BERRY, J.   The purpose of this action is to subject certain lands to execution, upon a judgment recovered by plaintiffs against defendant James A. Kennedy.   The claim of the plaintiffs is that the lands were conveyed by said Kennedy to defendant Trussell, and by Trussell to Mrs. Kennedy, in fraud of the plaintiffs, as Kennedy's creditors.   There was testimony in the case reasonably tending to show that Kennedy purchased the land for his wife, and as her agent; that the cash payment for the same, as well as two deferred payments, were made with her money and separate property; that Kennedy was indebted to his wife in a sum considerably exceeding the unpaid portions of the purchase-money, for which he had given his note; that the title was originally taken in Kennedy's name, without her knowledge or consent; and that the conveyance from Kennedy to Trussell was made for the purpose, expressly understood and agreed upon between her and Kennedy, that Trussell should convey to her, so that the title should come into her name in pursuance of, and to carry out, the design of the original purchase.   This was sufficient to warrant the trial court in finding, in effect, that the conveyances mentioned were not fraudulent as respected the plaintiffs, and that the action should be dismissed; and it follows that the testimony as to Kennedy's insolvency, and the rulings and finding of the court in reference thereto, and to Mrs. Kennedy's knowledge of the liability of her husband to the plaintiffs, and in denying the motion for an amendment of the complaint, are not practically important as respects the general result of the case.

The question as to the conversation between Kennedy and his wife in relation to what was to be done with the land at the time of the conveyance to Trussell, and the question, who paid the notes given for the deferred payments before mentioned? were properly allowed. The answers elicited tended to show that the original design of a purchase for Mrs. Kennedy, and with her means, was consistently adhered to, and to disprove any purpose of fraud upon Kennedy's creditors.

Order affirmed.