J. G. CHERRY COMPANY, APPELLANT, v. CHARLES A. HELM ET AL., APPELLEES.

FILED SEPTEMBER 20, 1915.    No. 18159.

Creditors' Suit: PROPERTY SUBJECT. Property conveyed by a debtor in consideration of an agreement for his future support may be subjected to the payment of a judgment, where there is no other means of enforcing payment, to the extent that the value of the property exceeds the amount of support actually furnished by the grantee in good faith.

APPEAL from the district court for York county: GEORGE F. CORCORAN, JUDGE. Reversed with directions.

George W. France, for appellant.

*W. L. Kirkpatrick, contra.*

MORRISSEY, C. J.

November 3, 1910, defendant Helm and his invalid wife came from South Dakota and took up their residence at York, Nebraska, with defendant Lawson, their foster son. Helm bought a five-acre tract of land adjoining the property of Lawson, and commenced the erection of a house, with the intention of residing therein, but Mrs. Helm died, April 14, 1911, while they were still living in the Lawson home. In the early winter Helm fell, sustaining severe injuries, and was confined to his bed for a considerable time. Lawson and his wife nursed and cared for Mr. and Mrs. Helm as they would for natural parents, and, after the death of his wife, Helm proposed to Lawson that he deed Lawson the property heretofore mentioned as compensation for the service rendered in caring for himself and his deceased wife, and the further consideration of an oral agreement whereby Lawson agreed to maintain and support Helm and give him a suitable home during Helm's lifetime. The property is claimed by plaintiff to be worth $6,500, and is admitted in the answer of Lawson to be worth $5,000. It is undisputed that Helm had no children except this foster son; that he was then advanced in years, and somewhat crippled by reason of the fall he had received during the winter; and that he had no other property except the real estate herein involved. The deed to the premises was made and recorded June 27, 1911.

Before coming to live with his foster son, Helm had been employed by the plaintiff, and there was an unsettled account between them. Plaintiff sent this account to an attorney at York, who received it, July 8, 1911, and immediately took steps to make the collection. Helm denied that he was indebted to plaintiff and refused to pay. The attorney then called on Lawson, but payment was not made, and, July 20, 1911, suit was instituted, which resulted in judgment in favor of plaintiff for $437 and costs taxed at $20.90. Execution was issued and returned *nulla bona*, and this action was brought in the district court for

York county to set aside the deed of conveyance and subject the real estate to the payment of this judgment.

There is no dispute as to the facts. While it is alleged that the deed was made for the purpose of defrauding creditors of Charles A. Helm, yet we think the proof fails to show any fraudulent intent on the part of either Helm or Lawson. However, the direct effect of the transfer was to prevent the plaintiff from collecting its judgment, and, to that extent, it may be said to be a constructive fraud. Helm was indebted to Lawson for the care and support given himself and wife, but the exact amount is not shown. There is enough testimony in the record on this point, however, to indicate that the amount does not exceed one-fourth the value of the property conveyed, and, if this judgment is made a lien against the property, Lawson will still be left an equity worth much more than the amount actually due from Helm. The greater part of the consideration for this conveyance consisted of an agreement for future support of the grantor. The weight of authority is to the effect that it is the legal duty of a debtor to pay his debts before he can convey property to provide for his future support, and that existing creditors may avail themselves of property conveyed for future support, when the debtor has no other property out of which payment can be enforced. *Harris v. Brink,* 100 Ia. 366; *Walker v. Cady,* 106 Mich. 21; *Henry v. Hinman,* 25 Minn. 199; *Gaar, Scott & Co. v. Hart,* 77 Ia. 597.

Applying this rule to the facts of this case, it is apparent that plaintiff is entitled to have this property subjected to the payment of its judgment, and the cause is reversed and remanded, with directions to enter a decree establishing the judgment in suit as a first lien on the real estate.

REVERSED.

BARNES, FAWCETT and HAMER, JJ., not sitting.