## IDA DAVIS v. C. G. HAUGEN.[1]

July 7, 1916.

Nos. 19,682—(48).

**Verdict sustained by evidence.**

1. Two cases tried together. Evidence examined and *held* sufficient to sustain the verdict in the first.

**Nominal verdict will not be set aside when unsupported.**

2. In the second, the verdict was merely nominal and within the rule that a reversal will not be granted where the verdict is nominal only and no important principle or substantial right is involved.

Two actions in the district court for Aitkin county, one to restrain defendant as sheriff of that county from conducting an execution sale and to recover $2,500, the value of the personal property levied upon, the other to recover a balance of $380 for the food and care of 10 horses for 45 days. The cases were tried together before Wright, J., and a jury which returned verdicts as stated in the opinion. From orders denying his motions for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Walter L. Case* and *Louis Hallum,* for appellant.

*W. M. O'Hara,* for respondent.

TAYLOR, C.

Plaintiff owned a lot in the village of Aitkin having a building thereon used as a livery stable. For several years, she rented the building to her husband, George D. Davis, who operated a livery therein. She claims that her husband owed her a considerable sum of money, and that in June, 1913, he sold and turned over to her his entire livery outfit in payment of this debt, and that she has been the owner thereof and has carried on the business ever since. On November 21, 1914, defendant as sheriff of Aitkin county, under an execution against George D. Davis, levied upon

[1]Reported in 158 N. W. 705.

the horses and buggies of the livery outfit as his property. Plaintiff made a written demand upon defendant for the property so levied upon, claiming to be the owner of it. Defendant refused to release his levy, and subsequently sold five of the horses for enough to satisfy the execution, and thereupon released the remainder of the property which he had seized. Defendant kept the property in the livery barn during the time he had possession of it, and permitted it to be used in the livery business the same as it had previously been used therein. Plaintiff brought two suits, one to recover the property or its value, and the other to recover for the board and care of the horses while they were held by the sheriff. By agreement, the two cases were tried together before one jury, who returned a verdict in the first for the value of the five horses sold, and in the second for $1.31. Defendant moved for judgment notwithstanding the verdict or for a new trial in each case, and appealed from the orders denying his motions. Both are submitted upon the same record.

In the first case defendant contends that the verdict is not sustained by the evidence; that the transfer to plaintiff from her husband was void under the statute of frauds, and that plaintiff's attorney was guilty of misconduct in his argument to the jury.

In considering whether the evidence is sufficient to sustain the verdict we must look at it from the viewpoint most favorable to the verdict. We have examined the record attentively, and, while we should not have disturbed the verdict if it had been in favor of defendant, we cannot say that the jury, upon whom rested the duty to determine the weight and credit to be given to the testimony, returned a verdict unsupported thereby. Plaintiff mortgaged her real estate in 1907 for $500, and loaned the money to her husband who used it in his livery business. She gave another mortgage in 1910 for $300, which she also loaned to him. She testified that she paid the first mortgage out of the rents she received; but what, if anything, she received from her husband outside the rent is not clear. She testified that her husband failed to keep up his rent, and at the time of the transfer owed her about $600 on the rent account. Both she and her husband testified that the property was transferred to her in June, 1913, in satisfaction of this indebtedness, and that she had carried on the business thereafter. After the transfer, the bank account was changed to her name and checks for the payment of bills were issued in

her name. The property was assessed in her name both in 1913 and 1914. No change was made in the stationery on hand, but when a new lot was printed her name was inserted as proprietor. They seem to have had but one employee at the barn, and he testified that he received his pay from her. The evidence made a question for the jury as to whether plaintiff had purchased the property in good faith, and also as to whether possession of it had been transferred to and taken over by her. These questions were submitted to the jury and resolved by them in plaintiff's favor. Under the instructions of the court, they must have found that the property had been turned over to and accepted by plaintiff, and this fact is sufficient to satisfy the statute of frauds.

Plaintiff's counsel made an improper statement in his argument to the jury, but, as the court promptly directed them to disregard it, and the matter was not of much importance, we think no substantial prejudice resulted to defendant.

In the second case, the verdict was for a nominal amount only; and the rule is that the trial court will not be reversed in such cases when no important principle or substantial right is involved. 1 Dunnell, Minn. Dig. § 417, and cases there cited. That there may be an end to the litigation in such cases, the maxim *"de minimis"* is applied. It applies here.

Both orders are affirmed.