E. N. SCHMITZ v. JOHN WENZEL AND OTHERS.[1]

March 26, 1926.

No. 25,184.

**Conveyance from father to son fraudulent.**

1. The evidence sustains a finding that a conveyance made by a father to his son, in consideration of future support, was fraudulent as to creditors; and that the son participated in or had knowledge of the fraud.

**When interest of husband in land bought with wife's money is subject to claims of his creditors.**

2. When land is purchased with the money of the wife, and the title is taken in the name of herself and her husband as tenants in common, there is no resulting trust in favor of the wife, and the interest of the husband is subject to the claims of his creditors.

Executions 23 C. J. p. 338 n. 96.

Fraudulent Conveyances 27 C. J. p. 530 n. 79; p 828 n. 10; p. 835 n. 63.

Trusts 39 Cyc. p. 142 n. 47 New.

[1]Reported in 208 N. W. 184.

See notes in 2 A. L. R. 1443; 23 A. L. R. 584; 12 R. C. L. p. 546; 2 R. C. L. Supp. p. 1452; 5 R. C. L. Supp. p. 649.

Action in the district court for McLeod county by the trustee in bankruptcy of John Wenzel. The case was tried before Tifft, J., who ordered judgment in favor of plaintiff. Defendants appealed from an order denying their motion for a new trial. Affirmed.

*P. W. Morrison*, for appellants.

*Sam G. Anderson*, for respondent.

DIBELL, J.

Action by the plaintiff, as trustee in bankruptcy of John Wenzel, to set aside upon the ground that it was fraudulent as to creditors a deed made by the bankrupt and his wife to their son Joseph. There were findings for the plaintiff and the defendants appeal from the order denying their motion for a new trial.

1. On October 7, 1920, the defendant John Wenzel, and his wife, the defendant Agatha Wenzel, conveyed to their son, the defendant Joseph Wenzel, an 80-acre tract of land in McLeod county of which they were co-owners. On June 16, 1924, John Wenzel was adjudged a bankrupt. The debts which he owed, amounting to $1,600 or $1,700, antedated the deed. The consideration for it was the promise of the son to support his father and mother. The father was 51 years old, the mother 45, and the son 23. He had always lived at home with his parents. He was single, but married shortly prior to the trial of this action in the early part of 1925.

When Wenzel executed the deed to his son he transferred to him all his personal property. He had no other real estate. If not insolvent before, the transfer of his property made him so.

The effect of a transfer in consideration of future support was considered in Henry v. Hinman, 25 Minn. 199; Tupper v. Thompson, 26 Minn. 385, 4 N. W. 621; Wetherill v. Canney, 62 Minn. 341, 64 N. W. 818; McCord v. Knowlton, 79 Minn. 299, 82 N. W. 589. In each it was held that such a conveyance when the debtor was insolvent was presumptively fraudulent. These cases are reviewed in Ryan v. Simms, 147 Minn. 98, 179 N. W. 683, where a transfer

in consideration of future support was sustained, there being no proof of insolvency and the contract for support being partially performed. They do not call for renewed consideration now. Under our statute a conveyance cannot be found fraudulent as against creditors solely because voluntary. G. S. 1923, § 8470. But a voluntary conveyance without retaining property to pay existing debts is fraudulent. Thysell v. McDonald, 134 Minn. 400, 159 N. W. 958, Ann. Cas. 1917C, 1015.

The finding of fraud is justified. The transaction was unusual. It is not common for parents of the age of Wenzel and his wife to convey all their property to one of their children in consideration of support. The agreement, whatever it was, rested in parol. The son was in no position to provide a home for his parents. After the deed the family continued as before. The court reasonably might conclude that the father and mother had in mind the debts of the former, and made the deed with the hope of evading them; and that the son participated in their design, or at least was cognizant of it.

The general subject of conveyances in consideration of future support is considered in a note to J. G. Cherry Co. v. Helm [98 Neb. 626, 154 N. W. 205], in 2 A. L. R. 1436-1438, 1453, and in a supplemental note to Smith v. Clerk [242 Mass. 1, 136 N. E. 66], in 23 A. L. R. 582, 584-587. The cases are collected in 27 C. J. 530-531, §§ 214-218; Dec. Dig. Fraud. Conv. § 80; 24 Cent. Dig. Id. §§ 206-209.

2. The evidence is that the 80 was bought with money received by Mrs. Wenzel by inheritance. The title was taken in the names of herself and husband as tenants in common. The defendants gain nothing from this. There was no resulting trust in favor of Mrs. Wenzel, even if a gift were not intended, and her husband is the owner of the undivided one-half. G. S. 1923, § 8036; Anderson v. Anderson, 81 Minn. 329, 84 N. W. 112; Watters v. N. P. Ry. Co. 141 Minn. 480, 170 N. W. 703; Nelson v. Nelson, 149 Minn. 285, 183 N. W. 354; Speiss v. Speiss, 149 Minn. 314, 183 N. W. 822; Gummison v. Johnson, 149 Minn. 329, 183 N. W. 515.

Counsel cites Chadbourn v. Williams, 45 Minn. 294, 47 N. W. 812. That does not help defendants. There property purchased with the wife's money was taken in the name of the husband. Later the husband conveyed it to his wife through an intermediary; and the question was whether the transaction passing title to the wife was fraudulent as to the husband's creditors, and upon that question the fact that the land was purchased with the wife's money was material.

In the conclusions of law a judgment is directed setting aside the deed without limitation. Construed with the pleadings and findings there may be no confusion; but if there is a correction needed it can be made in the court below. There is no claim by anyone that the deed should be set aside except so far as it conveys John Wenzel's undivided interest.

Order affirmed.