# NATIONAL SURETY COMPANY v. A. S. WITTICH AND OTHERS.[1]

July 3, 1931.

No. 28,399.

Courtney & Courtney, for appellant.

O'Brien, Horn & Stringer and McNeil V. Seymour, for Grace Amelia Wittich, respondent.

LORING, J.

Defendants prevailed in an action to set aside a transfer of real estate as fraudulent as to creditors. The court denied plaintiff's motion for a new trial, and the case comes here on an appeal by plaintiff from the judgment subsequently entered.

Defendant A. S. Wittich was postmaster at Kelly Lake, St. Louis county, and on July 20, 1918, the plaintiff became a surety on his bond to the United States. In March, 1920, he sold his store and

[1]Reported in 237 N. W. 585.

removed to Duluth. Barney Carron was appointed acting postmaster but never qualified. Wittich's successor did not qualify until early in 1921. A government audit showed a shortage in the post office funds on January 31, 1921, of $2,881.01. The plaintiff paid $1,000 of this shortage to the government and in 1928 obtained judgment against Wittich for that amount with interest and costs. This judgment is the basis of the present suit to set aside as fraudulent a transfer from Wittich to his wife of certain property in Duluth.

In order that the transaction here attacked may be fully understood it is necessary to go back to the year 1916, when Wittich and his wife acquired lot 19 of block 8 of the Western Addition to Hibbing as tenants in common. Wittich paid the consideration for this. In 1920 he became involved in matters which led his wife to contemplate a separation, and in consequence he conveyed to her his half interest in the Hibbing property in order to satisfy her. It is admitted by respondent that there was no other consideration for this latter conveyance. The court found that the conveyance made Mrs. Wittich the "absolute owner" and refused to find that it was made to defraud creditors. There is no evidence in this record as to whether or not this transfer left Wittich insolvent. On November 8, 1922, Mrs. Wittich sold the Hibbing property under contract for deed for a consideration of $6,500, $2,000 down, the balance to be paid at $100 a month. The court found that as this money was paid it was lent to Wittich by his wife under a promise to repay it. About April, 1920, Wittich purchased under contract for deed a house and lot in Duluth for which he agreed to pay $6,300, $1,500 in cash, $2,000 by assuming a mortgage, and the balance at $40 a month. He used enough of the monthly instalments from the Hibbing property to pay $1,000 of the instalments on the Duluth property as they came due.

Later the Duluth property was sold to the defendants Sundquist, and when on May 10, 1927, the unpaid balance due Wittich amounted to $1,027.89 he quitclaimed the property to his wife through a conduit and assigned to her his interest in the proceeds of the

Sundquist contract. She applied $1,027.89 on the alleged preëxisting debt arising out of the loan to him of the proceeds of the Hibbing sale and gave him a receipt to that effect. The court found that this transfer was in good faith to pay an antecedent debt.

Plaintiff takes the position that Mrs. Wittich held the Hibbing property (her original half interest as well as the half conveyed to her in September, 1920) in trust for her husband; that the conveyance to her was in fraud of creditors; that she had no interest in the proceeds of its sale; and consequently that there was no debt from Wittich to his wife existing at the time he transferred to her the Duluth property sought to be reached in this action.

With plaintiff's contention we cannot agree. The findings of the trial court are against it. The record indicates that Wittich did not owe anybody at the time he purchased the Hibbing property and had a half interest conveyed to his wife. This was long prior to the time when plaintiff became a surety on his bond. There is not a word in the record as to any prior bond to the government. While he probably complied with the law by giving a bond, the burden was on the plaintiff to show that fact in order to sustain its claim that its rights antedated its bond. We do not pass on its claim to having been a creditor prior to the date of its bond for the reason that there is no evidence whatever to support any theory that plaintiff's rights antedated the execution of the bond. The trial court correctly so held. We therefore start with the proposition that Mrs. Wittich was the owner of an undivided half of the Hibbing property. Schmitz v. Wenzel, 166 Minn. 435, 208 N. W. 184.

In September, 1920, when his marital relations were threatened with disruption, Wittich conveyed the other half interest in the Hibbing property to her. No matter what the prima facie presumptions may be in regard to this last transfer, which the court found was made in good faith, Mrs. Wittich was the owner of the half interest in the Hibbing property first conveyed to her and entitled under the agreement with her husband to a repayment of at least one-half of the $6,500 and interest collected from the sale

of that property. The appellant claims she had been repaid more than this amount prior to the transfer to her of the Duluth property, but the record does not sustain this contention. It shows that at some time not fixed by the evidence she took an assignment of a $2,500 life insurance policy and credited Wittich, not with $2,500 as claimed by appellant, but with only the cash surrender value of the policy, whatever that may have been. The appellant also attempts to charge her with $500, the alleged value of the property involved in National Surety Co. v. Wittich, 184 Minn. 44, 237 N. W. 690. This property was never credited on the debt and was deeded to her as a separate transaction long prior to the origin of Wittich's debt to her. No mention of it occurs in this record.

Wittich testified that at the time he filed his petition in bankruptcy, which was subsequent to the transfer attacked, he had paid Mrs. Wittich $3,500 and that he still owed her $3,000. He arrived at this conclusion by taking credit for the face instead of the cash value of the policy which Mrs. Wittich says she credited to him, and by taking credit for the $1,027.89 for the Duluth transfer. It will thus be seen that Wittich had not paid more than half of the $6,500, even if no interest on that half were to be figured. Obviously the record supports the finding that there was an amount still due Mrs. Wittich at the time of the Duluth transfer to her which was not disproportionate to what she received even if the transfer of Wittich's half interest in the Hibbing property may not stand. Therefore, if the court's finding of good faith in the transfer of Wittich's half interest in the Hibbing property should be stricken out, the remaining sustainable findings of fact support the conclusion in favor of the defendants. The antecedent debt was a good consideration, and the fact that it was a preference in no way invalidated the transaction when challenged in this manner. Thompson v. Schiek, 171 Minn. 284, 213 N. W. 911; Steinke-Seidl Lbr. Co. v. Newdall, 183 Minn. 491, 237 N. W. 194.

Judgment affirmed.