**J. R. WATKINS CO. et al. v. KING et al.**

**No. 1604.**

Court of Civil Appeals of Texas. Waco.
April 11, 1935.

Rehearing Denied June 6, 1935.

Crane & Crane and McCormick, Bromberg, Leftwich & Carrington, all of Dallas, and J. D. Bass, of Pittsburg, for appellants.

Engledow & Guest, of Pittsburg, and King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted by E. C. King, Jr., hereinafter called appellee, against D. H. Carpenter in his capacity as sheriff of Camp county, to restrain him from selling certain tracts of land situated in said county, containing in the aggregate approximately 1,600 acres, as the property of E. C. King, Sr., under an execution issued on a judgment in favor of appellant J. R. Watkins Company, a corporation, against E. C. King, Sr., and another for the sum of $869.66. Appellee, as ground for such relief, alleged that the land so levied upon and advertised for sale belonged to him, and that E. C. King, Sr., defendant in said judgment, owned no interest therein. The court granted a temporary injunction restraining such sale.

Appellant J. R. Watkins Company intervened in the suit and alleged that appellee was a son of E. C. King, Sr., defendant in said judgment; that he was claiming said land under a deed thereto from his said father, dated April 12, 1931; that at the time of the execution and delivery of said deed the grantor, E. C. King, Sr., was indebted to said appellant; that said indebtedness had existed for a long time, and frequent and insistent demands for the payment of the same had been made; that appellee had full knowledge of the situation; that at the time of the execution of said deed said E. C. King, Sr., also transferred and delivered to! appellee all the personal property of every kind and character held by him, and thereafter was not possessed of property sufficient to pay his existing debts; that said deed was executed and delivered by the grantor with the intent to hinder, delay, and defraud his creditors, and without consideration. Said appellant further alleged that it had recovered judgment for its said debt, had caused an abstract of such judgment to be duly recorded in said county, and had thereby acquired a valid lien on said several tracts of land to secure the payment thereof, and asked that the same be foreclosed.

Appellant John Deere Plow Company, a partnership, also intervened in said suit, and alleged that at the time of the execution and delivery of said deed from E. C. King, Sr., conveying the land here involved to appellee, said E. C. King, Sr., and another were indebted to said partnership in the sum of approximately $3,000; that said indebtedness had existed for a long time and frequent and insistent demands for the payment of the same had been made; that appellee had full knowledge of the situation; that said appellant reduced its claims to judgment on October 26, 1932, and caused an abstract of such judgment to be filed and recorded in said county, and had thereby acquired a valid lien on said several tracts of land to secure the payment of such judgment, which it asked the court to foreclose. Said appellant also alleged that said deed was executed and delivered by the grantor with the intent to hinder, delay, and defraud his creditors, and without consideration.

Both said appellants made E. C. King, Sr., defendant in said judgment, and his wife parties to the suit. They answered by a general demurrer and general denial. Appellee E. C. King, Jr., also answered said pleas of intervention by a general demurrer and a general denial.

The case was tried to a jury. Each appellant, at the conclusion of the testimony, requested the court to instruct a verdict in its favor. Both such requests were refused. The court thereupon submitted to the jury a single issue, as follows: "Do you find from a preponderance of the evidence that immediately after E. C. King, Sr., and his wife conveyed to E. C. King, Jr., the land in controversy, E. C. King, Sr., retained the open and visible ownership of other property of such value that when subjected to forced sale it would have yielded a sufficient sum of money to pay all existing debts, as well as all taxable costs of their collection?"

The jury answered said issue in the affirmative. The court entered judgment on the verdict of the jury perpetuating the injunction theretofore granted and denying appellants any relief.

## Opinion.

Appellants, by various assignments, assail the sufficiency of the evidence to justify the submission of any issue to the jury, and contend that they were entitled to an instructed verdict foreclosing their respective judgment liens. E. C. King, Sr., joined by his wife, on April 12, 1931, executed a deed to E. C. King, Jr., conveying to him certain tracts of land containing in the aggregate approximately 1,600 acres. The consideration recited in said deed was five vendor's lien notes, each for the sum of $1,000. E. C. King, Jr., the grantee in said deed and the maker of said notes, testified that the real consideration for such deed was his promise to support and care for his parents the remainder of their lives, and that the notes were merely to bind him to do so. He was then about 21 years of age, and lived with his parents as a member of their family. E. C. King, Sr., was at that time advanced in years and in feeble health, and his said son was assisting him in taking care of his business interests. The indebtedness of E. C. King, Sr., to appellants at the time of the execution of said deed amounted in the aggregate to approximately $4,000. He was also indebted to his local bank in the

sum of $3,000. Appellee E. C. King, Jr., did not testify at the trial, but his oral deposition had been theretofore taken, and was introduced in evidence by appellants. The following excerpt from said deposition is material upon the issue under consideration:

"Q. April 12, 1931, what other property did your father have besides this land when he made this deed to you? A. Cattle.

"Q. The deed covered all the land he had then and he had some cattle? A. Yes.

"Q. He turned those over to you at the time, so that when that was done he didn't have anything left? A. Yes sir."

Appellee further testified in said deposition that about June 12, 1931, he made a chattel mortgage to Pittsburgh National Bank to secure his note thereto for the sum of $5,000. Said mortgage covered all crops grown during 1932, 150 head of cattle and their increase, and farming implements and work stock. Appellee further testified in said deposition that said money was borrowed to pay for cattle bought by him other than those turned over to him by his father. The testimony showed that E. C. King, Sr., rendered for taxation for the year 1931, 96 head of cattle and farm equipment, but rendered nothing for taxation for the year 1932; that E. C. King, Jr., rendered for taxation for 1932 substantially the same list of personal property that his father had rendered the year before. Appellee introduced testimony of the presence of cattle in the pastures on the property conveyed to him by his father during the latter part of the year 1931, and of certain acts of E. C. King, Sr., with reference thereto. None of these acts were shown to have been in the presence of appellee, nor known to him. In view of the disposition we have decided to make of this case, we refrain from discussing the weight of such evidence. The officer who levied the execution for appellant Watkins Company testified that he received the same on November 8, 1931; that he called on E. C. King, Sr., with reference thereto; that said King said he had nothing subject to execution; and that all his property had been sold and transferred to his son. There was testimony that E. C. King, Sr., had suffered mental impairment since the execution of said deed. He did not testify at the trial.

Appellee concedes that the conveyance by E. C. King, Sr., and wife to him was,

within the meaning of the law, a voluntary one; that is, one made without consideration deemed valuable in law. See, in this connection, 27 C. J., p. 530; Ludlow Sav. Bank & Trust Co. v. Knight, 92 Vt. 171, 102 A. 51, 2 A. L. R. 1433; J. G. Cherry Co. v. Helm, 98 Neb. 626, 154 N. W. 205, 2 A. L. R. 1436, and note thereto, page 1438 et seq.; also supplementary note, 23 A. L. R. page 584 et seq. Appellee, however, contends in this connection that E. C. King, Sr., at the time he made said deed to him, had in this state property in his possession subject to execution sufficient to pay all his existing debts, and that such conveyance, though voluntary, was therefore valid as to appellants. Appellants' contention that the testimony showed as a matter of law that E. C. King, Sr., at the time he executed said conveyance to his son, also divested himself of all his personal property and retained nothing to pay their debts existing at the time, is based on their further contention that the testimony of appellee E. C. King, Jr., in the above-quoted excerpt from his deposition introduced in evidence at the trial, shows affirmatively that his father, at the time of the execution of said deed, also transferred to him all his property, including his cattle, and that appellee is conclusively bound by such testimony. Absent explanation by appellee, we think his testimony so quoted should be given the construction insisted upon by appellants. No such explanation was made by him in his deposition. He did not testify in person at the trial.

 The weight of the testimony given by a party to a suit as a witness therein is determined by a different rule from that applied in determining the weight to be given the testimony of other witnesses. When a party testifies to positive and definite facts which, if true, would defeat his right to recover or conclusively show his liability, and such statements are not subsequently modified or explained by him so as to show that he was mistaken, although testifying in good faith, it has generally been held that he is conclusively bound by his own testimony and cannot successfully complain if he is nonsuited or the court directs a verdict against him. 17 Tex. Jur., pp. 577, 578, and authorities cited in notes 3 and 4; Mhoon v. Cain, 77 Tex. 316, 318, 14 S. W. 24; Southern Surety Co. v. Inabnit (Tex. Civ. App.) 1 S.W.(2d) 412, 415, par. 8; Stephenson v. Barrow (Tex. Com. App.) 15 S.W.(2d) 575, 576, 577; Nerio v. Christen (Tex. Civ. App.) 189 S. W. 1038, 1040 (second column); Smith v. Boston Elevated Ry. Co. (C. C. A.) 184 F. 387, 389, 37 L. R. A. (N. S.) 429; Broad River Lumber Co. v. Middleby (C. C. A.) 194 F. 817, 821, par. 3; Harlow v. Laclair, 82 N. H. 506, 136 A. 128, 50 A. L. R. 973, 976, 977, and note page 979 et seq. The testimony of appellee that the deed from his father to him covered all the lands his father owned at the time and that his father also turned over his cattle to him and thereafter had no property left, was in no way modified or explained by him so as to permit effective contradiction thereof by proof of isolated circumstances by other witnesses, as attempted by appellee in this case. No reason is shown why appellee should not, under the rule stated, be bound by his own affirmative testimony given in his oral deposition read in evidence in the case.

Appellant's other assignments complain of matters which will not necessarily arise in the same way, if at all, on another trial, and discussion of the same will be omitted.

The judgment of the trial court is reversed and the cause remanded.