CHRISTINE M. KUMMET v. PHILIP J. THIELEN AND OTHERS.[1]

May 16, 1941.

No. 32,651.

*A. Gordon Rosenmeier,* for appellant.
*Charles A. Fortier,* for respondent Cora Thielen.

PETERSON, JUSTICE.

This is an action to set aside a transfer of personal property alleged to be fraudulent as to plaintiff.

The complaint alleged that plaintiff was a judgment creditor of the defendant Philip J. Thielen; that he transferred to his wife, the defendant Cora Thielen, the stock of merchandise, fixtures, and furniture which he owned and used in operating a store in Pierz known as Thielen's Store; and that the transfer was fraudulent as to plaintiff. Judgment was demanded that the transfer was fraud-

[1]Reported in 298 N. W. 245.

ulent and that the transferred property was subject to levy of execution under plaintiff's judgment.

The answer denied any fraudulent transfer.

The evidence showed that there was no transfer of the property mentioned. On April 15, 1936, the building in which the store was operated was badly damaged and the contents destroyed by fire. After the fire Philip transferred $1,273.60 to Cora, with which she purchased new stock and fixtures to operate a store in the building after it had been repaired. The building was the homestead of the Thielens. Part of it was used as their home and part for the store.

The $1,273.60 which Cora received from Philip was part of the proceeds of the fire insurance on the building and contents. The proceeds of the fire insurance were $10,140.67, of which $5,206.06 represented exempt property, viz., $4,377.45 for damage to the building and $828.61 for damage to certain household goods and furniture.

The uncontradicted testimony was that Philip caused $6,511.99 of the fire insurance money to be put in Cora's bank account and that she should have $1,328.61 thereof as her own. This sum represented money which Philip owed to Cora. Part of this, $500, was cash which she let him have for use in the business. This he promised to repay as soon as he was able. She had received this money from her parents. The balance of $828.61 represented the insurance money received by Philip on household goods and furniture belonging to Cora which were gifts from her parents and her husband.

The court below made the unchallenged finding that the fire insurance covered the household and personal effects of all members of the insured's family usual or incidental to his occupancy of the premises and that the insurance covered Cora's household furniture and personal effects as a member of the family. Both Philip and Cora testified that one policy covered his and her property and that she was entitled to the proceeds of the insurance repre-

senting her loss. Obviously, the insurance was effected for her as well as his benefit.

Although Philip gave Cora $1,328.61, she actually received only $1,273.60, for which she drew checks to pay for merchandise, fixtures, and equipment with which she started a store of her own in her husband's building, which had been practically rebuilt. Cora's entry into business was attended with much publicity. She filed the customary certificate as a sole trader doing business as "Thielen's Store." Newspaper advertisements and over 1,500 handbills proclaiming the facts and referring to the venture as the "birth of a new business" were circulated in Pierz and the surrounding territory. She bought merchandise which was consigned to her and conducted the business in all respects as her own. Philip notified certain wholesalers with whom he had dealt that the new business belonged to her.

Philip was employed by Cora for a few months, but the employment was abandoned because the income from the business was not sufficient to pay such expense. After the employment ceased, Philip assisted Cora in operating the business. For his services and the rental of the building she made certain contributions to meet their household needs. She paid all taxes on the real and personal property and carried fire insurance on the stock, fixtures, and furniture in her name.

The only testimony relating to the $500 which Cora loaned to Philip and the ownership of the household goods and effects was that of Cora and Philip. Their testimony stood uncontradicted and unimpeached.

The court below found that the transfer of the insurance money—not the Thielen store as claimed by plaintiff—from Philip to Cora was not fraudulent as to creditors; that Cora had received the $500 from her parents; that she permitted her husband to have the money to use in his business; that he agreed to return it to her at some future time; that the personal property belonging to Cora was covered by the fire insurance; and that, of the money received by Cora from Philip, $500 was in repayment of money

furnished by her to her husband and $828.61 was the adjusted loss belonging to her for the damage to her household furnishings and personal effects.

Plaintiff appeals from the judgment in favor of defendants entered pursuant to the findings and conclusions.

A transfer between husband and wife is presumed to be fraudulent as to existing creditors. State Bank v. Swenson, 197 Minn. 425, 267 N. W. 366. The presumption, like all others, disappears from the case when the facts are shown. Here it has been shown, as the court below found, that the $500 was in repayment of money received by Philip from Cora and that the $828.61 was the amount of fire insurance which he received in adjustment of her loss caused by the fire.

Satisfaction of an antecedent debt is fair consideration for a transfer under 2 Mason Minn. St. 1927, § 8477(b) (uniform fraudulent conveyance act, § 3[b]). Where a transfer between husband and wife was in payment of an antecedent debt and not disproportionate to the property transferred, a finding is justified that the transfer was not fraudulent. National Surety Co. v. Wittich, 184 Minn. 21, 237 N. W. 585; Steinke-Seidl Lbr. Co. v. Newdall, 183 Minn. 491, 237 N. W. 194. In Skinner v. Overend, 190 Minn. 456, 252 N. W. 418, a transfer from father to son honestly made in payment of an antecedent debt was held not fraudulent. The finding as to the transfer of the $500 is therefore sustained.

The $828.61 proceeds of the fire insurance on Cora's property was held by Philip for her benefit. The fact is that the property belonged to her. She, not Philip, sustained the loss. It was their intention that the insurance should cover her property; and, while Philip was named in the policy as the insured, the policy by its terms covered her property as a member of his family. As between her and her husband, Cora was entitled to the insurance money in his hands which represented her loss and which was the proceeds of the insurance so far as it was intended that it should be coverage for her benefit. On his admissions, his obligation to

pay was enforceable by her. It makes no difference for present purposes whether he be regarded as her agent or trustee in possession of the money.

Statutes invalidating fraudulent conveyances are designed to prevent debtors from putting property which is available for the payment of their debts beyond the reach of their creditors. If the property transferred is not subject to the claims of creditors, the rules as to fraudulent conveyances do not apply. A transfer of property to the true owner by one who has the bare legal title is not fraudulent as to the latter's creditors. Bolton-Swanby Co. v. Owens, 201 Minn. 162, 275 N. W. 855. Likewise, a transfer of the legal title to the beneficial owner is not a fraudulent conveyance as to the transferrer's creditors. A transfer by a husband to his wife of property which belongs to her legally or equitably is not fraudulent as to his creditors. Farnham v. Kennedy, 28 Minn. 365, 10 N. W. 20; 27 C. J., Fraudulent Conveyances, p. 434, § 54c; 24 Am. Jur., Fraudulent Conveyances, § 108. In Farnham v. Kennedy, *supra*, we held that a transfer of land by a husband to his wife through a third party intermediary to carry out the design of the original purchase was not fraudulent as to the husband's creditors where he purchased the land as the wife's agent with her money and took title in his name without her knowledge and consent.

Absent estoppel, the law prefers the true owner to the creditors of the transferrer. A debtor's transfer of property to the beneficial owner to carry out the terms of an unenforceable parol trust is not fraudulent as to the former's creditors. Ferguson v. Winchester Trust Co. 267 Mass. 397, 166 N. E. 709, 64 A. L. R. 573; Annotation, 64 A. L. R. 576.

The transfer to Cora of the insurance money representing her loss was not fraudulent as to Philip's creditors.

Since there was no conflict in the testimony supporting the view adopted below that the transfer was not fraudulent, the only question is whether or not the court was justified in believing the testimony. Credibility in cases of this kind as in others is for the

trier of fact. Davis v. Haugen, 133 Minn. 423, 158 N. W. 705, and the authorities *supra*. A careful reading of the record convinces us that the evidence presented a question of fact and that it fully sustains the findings.

Affirmed.