**Richmond LOFTON, Appellant,**

v.

**H. A. LINDSEY et al., Appellees.**

No. 6880.

Court of Civil Appeals of Texas.

Texarkana.

May 10, 1956.

Rehearing Denied May 31, 1956.

B. L. Collins, Lufkin, James F. DeLoney, Nacogdoches, Will D. Pace, Tyler, for appellant.

Lewis & Chandler, Jacksonville, for appellees.

FANNING, Justice.

Richmond Lofton, plaintiff-appellant, brought a common law action for damages for personal injuries against defendants-appellees (his alleged employers), H. A. Lindsey, Doyle Lindsey and Ray Felder, individually and as alleged partners operating under the name of Lindsey Lumber Company. Plaintiff alleged that he was injured during the course of his employment at defendants' sawmill as a direct and proximate result of the negligence of his employers. Defendants pleaded that Doyle Lindsey was the sole owner and operator of the sawmill at the time of the alleged accident with denial of the alleged partnership in question being made under oath, and also pleaded that plaintiff was guilty of negligence constituting the sole proximate cause of the accident in question. (Defendants also pleaded that plaintiff by receiving insurance benefits on a policy which was furnished by Doyle Lindsey was estopped to claim further damages—plain-

tiff's special exceptions to this phase of defendants' pleadings were sustained by the trial court.) East Texas Hospital Foundation intervened alleging a hospital bill for services rendered appellant. At the close of the evidence, on motion of H. A. Lindsey to the effect that the evidence was insufficient to show that he was a partner or owned any interest in the sawmill, the trial court instructed the jury to render a verdict in favor of H. A. Lindsey. The court also instructed a verdict against plaintiff in favor of East Texas Hospital Foundation for its hospital bill. The jury in response to special issues submitted, among other things, found all issues of negligence against plaintiff, exonerating defendants of any negligence, and the jury also specifically found that plaintiff was negligent in attempting to tighten bolts on the slab-kicker before it stopped revolving, which negligence was the sole proximate cause of the injuries in question received. The jury also found specifically that Doyle Lindsey was the owner and operator of the sawmill plant in question on the date of the injury in question. The trial court, upon the verdict of the jury, rendered a take-nothing judgment against appellant. Appellant's motion for judgment non obstante veredicto and motion for new trial were overruled by the trial court. Plaintiff-appellant Lofton has appealed.

Appellant presents three points wherein he contends in essence that the trial court erred (1) in admitting in evidence over plaintiff's objection a carbon copy of a letter purportedly from the Internal Revenue Department to defendant H. A. Lindsey (which letter is in apparent substantiation to some extent of Mr. H. A. Lindsey's claim that he owned no interest in the sawmill in question on the date of plaintiff's injury); (2) in instructing the jury to render a verdict in favor of H. A. Lindsey; and (3) in overruling appellant's motion for judgment non obstante veredicto, etc.

Appellant's third point reads as follows:

"The error of the trial court in overruling appellant's Motion for Judgment Non Obstante Veredicto. In this case wherein the trial court gave a peremptory instruction in favor of defendant, H. A. Lindsey, apparently on the theory that he was not an owner and operator of the sawmill at the time appellant was injured, although there was evidence from at least three witnesses that he did own and operate the sawmill at the time in question, and the wording of the trial court's instruction to the jury being clearly vague and couched in words calculated to and which did confuse the jury, as indicated by a written communication by the foreman of the jury to the trial court to tell them whether or not in view of the directed verdict in favor of H. A. Lindsey, they should in answering the issues, particularly Issue No. 24, as to who owned and operated the sawmill at the time of the injury, and the jury's confusion and frustration being further demonstrated by their answer to Issue No. 25 as to the amount of plaintiff's damage, their answer being $2500.00, whereas plaintiff's damage was established by undisputed evidence at about $35,000.00. The answer of the jury to many of the other issues likewise showed that they were confused by the peremptory instruction. (Germane to Assignment of Error No. 8, Plaintiff's Original Motion for New Trial, Tr. 100)."

Plaintiff's assignment of error No. 8 in his motion for new trial covers 15 pages in the transcript and quotes the entire motion for judgment non obstante veredicto. The motion for judgment non obstante veredicto contains several matters raised by plaintiff-appellant. We think appellant's third point is clearly multifarious. Sheffield v. Lewis, Tex.Civ.App., 287 S.W.2d 531; Hudspeth v. Hudspeth, Tex.Civ.App., 206 S.W.2d 863; Carnes v. Kay, Tex.Civ.App., 210 S.W.2d 882. We are of the further view, however, that a full consideration of all the matters raised by appellant's motion for judgment non obstante veredicto would not reveal reversible error in this case in view

of our disposition of this case as hereinafter stated.

Appellees contend in essence by their counterpoints (1) that the letter in question was admissible under the record for various reasons, but that if it was error it was harmless as the case did not turn on the admitted evidence and that such question became immaterial after the determination of negligence in the case; (2) that the instructed verdict in favor of H. A. Lindsey was correct, and if error, was cured by the court's later charge upon special issues, and the error, if any, was harmless and immaterial in view of the jury's findings on the issues of negligence; (3) "The trial court did not commit error in overruling appellant's motion for judgment non obstante veredicto and the error, if any, of the trial court, in instructing the jury that H. A. Lindsey should have a verdict in his favor was cured by the court's later charge on special issues; and, as well, was harmless error in view of the charge of the court and the finding of the jury with respect to negligence of the parties, the judgment of the court having been entered after the jury found appellees not guilty of negligence and appellant guilty of negligence, which was the sole, proximate cause of his injuries;" (4) "The judgment of the trial court should be affirmed because all questions raised by appellant under his three points of error are unnecessary to a decision of this case, because, clearly, the judgment of the trial court should be affirmed, having been properly entered by the trial court upon the findings of the jury to the special issues submitted, such being the only judgment the trial court could have rendered in view of the verdict, and appellant does not point out anything from the record wherein the jury is shown to be prejudiced."

In 3B, Tex.Jur., Sec. 876, Appeal and Error, it is stated: . .

"Generally speaking, a reviewing court will not consider questions or matters which are not necessary to a proper disposition of the case before it, or which in no way enter into or affect the judgment rendered. This rule applies to questions which do not affect the rights of the parties to the action, or which are irrelevant to any issue in the case, or which relate to unanswered issues, *or which become immaterial after a determination of other questions.*

"Objections to rulings on the pleadings or the evidence will not be considered when their determination can have no effect on the result. If reversal is called for because of certain errors, the court may entertain assignments as to other matters which may arise on another trial. But where such other matters will not arise on another trial, the court need not consider them whether they relate to the pleadings, the arguments of counsel, the weight and sufficiency of the evidence, instructions, amount of recovery, or other matter." (Emphasis ours.)

In Collins v. Smith, Tex.Com.App., 142 Tex. 36, 175 S.W.2d 407, 410, it is stated:

"The jury finding that Edge did not yield half the road and that the same was negligence and a proximate cause of plaintiff's damages was sufficient to support the trial court's judgment. Hence it is unnecessary to consider whether there was error in submitting issues on proper lookout and excessive speed."

In Benson v. Weaver, Tex.Civ.App., 250 S.W.2d 770, 774, affirmed by Tex.Sup.Ct. in Weaver v. Benson, 152 Tex. 50, 254 S.W.2d 95 it is stated:

"The error in excluding evidence becomes immaterial where the case does not turn on the excluded evidence, that is, where it is not material and does not affect the verdict or judgment rendered. Gross v. Dallas Ry. & Terminal Co., Tex.Civ.App., 131 S.W.2d 113, error dismissed, judgment correct. Also where the judgment is sustained by a finding which is entirely independent of the excluded evidence as was decided in the above case. Appel-

lant sued appellee for personal injuries allegedly sustained as the result of appellee's negligence. The jury found appellee guilty of negligence and also found appellant guilty of contributory negligence in three respects.

"It was held that the refusal of the trial court to permit witnesses to testify whether the street car of appellee was going fast or slow was not, under the circumstances, prejudicial insofar as it affected appellant's right to recover. The judgment was supported by the jury's finding that appellant was guilty of contributory negligence."

 Appellant does not present any points contending that there was "no evidence" or that the evidence was "insufficient" to support the findings of the jury exonerating defendants of negligence and finding plaintiff to be guilty of negligence constituting the sole proximate cause of the accident in question. We have carefully examined the evidence and find that same amply supports the jury's findings exonerating defendants of negligence and finding plaintiff guilty of negligence constituting the sole proximate cause of the accident in question.

Plaintiff, among other things, testified to the effect that he knew the slab-kicker machine in question was dangerous, that he knew that if he put his hand in same when it was moving it would grab him, that he was tightening up the nut on the machine when it was moving and "When I knew anything, it had hit it. Why it hit it, it is unknownst to me." He said that there was nothing wrong with his vision, thought he could see good, and knew "that thing was turning." This positive testimony of plaintiff was not subsequently modified or explained in any materially different manner and plaintiff was bound by this undisputed testimony on his part. Under plaintiff's own testimony the jury was clearly warranted in finding that plaintiff was negligent and that same constituted the sole proximate cause of the accident in question. In J. R. Watkins Co. v. King, Tex.Civ.App., 83 S.W.2d 405, 407, it is stated:

"When a party testifies to positive and definite facts which, if true, would defeat his right to recover or conclusively show his liability, and such statements are not subsequently modified or explained by him so as to show that he was mistaken, although testifying in good faith, it has generally been held that he is conclusively bound by his own testimony and cannot successfully complain if he is nonsuited or the court directs a verdict against him."

We think that the judgment rendered by the trial court was the only judgment that could have been properly rendered under this record. Finding no reversible error in the record, the judgment of the trial court is affirmed.